The opinion of the court was delivered by
Duncan, J.
It is impossible to sustain this judgment. Without considering the minute objections to the original or amended statement, there are two material objections. The first strikes at the foundation of the action. The instrument was not assignable, nor the subject of the indorsement, so as to enable the assignee, or indorsee, to sue the maker in his own name.
Though courts of law are now in the constant habit of taking notice of the assignment of choses in action, and of giving effect to them, yet they always adhere to the formal objection, that the action should be brought in the name of the assignor, and not of the assignee.
The common law relaxed the rule at a very early period as to foreign bills of exchange, and afterwards, as to inland bills of exchange, and the statute law enables the assignee or indorsee of a promissory note to maintain an action in his own name.
At a very early period of the province, 28th May, 1715, an act passed for assigning bonds, specialties, and promissory notes, and enabling the assignee to sue in his own name. But this is confined to obligations, or promises to pay to any person or persons, their assigns or order, any sum of money. So is the stat. of dlnne. It is the legal definition of a promissory note, that it is a promise or engagement to pay a specific sum at a time therein limited, or on demand, or at sight, to a person there named, or his order, or to bearer. No precise form of words is necessary. It is sufficient if the note amounts to an absolute promise to pay money.
Stock contracts for delivering of six per cents., are not negotiable, though they may be rendered so by express stipulation. Reed v. Ingraham, 3 Dall. 505.
Now the value of six per cents, is less precarious and fluctuating than the value of the notes of some chartered banks, at the time this note was given. The contract was for a specific matter, 500 dollars to be paid in bank notes of the chartered banks of Pennsylvania. It is not payable in money.
There is a case in 3 Johns. 120. Keith v. Jones, in which it was held, that a note payable to A. or bearer, in state bills or specie, is a negotiable note, and may be declared on such. It is but an imperfect sketch without much argument, and one short reason assigned. Payable in state bills or specie, is, however, different from payment in notes of any chartered bank, because there the *96 contract shows the view of the parties, that state bills, which was intended to mean bank notes, and specie, were precisely the same, and of the same value, that the parties had current money in view. The reason assigned, that in that state, bank notes and current money were considered the same thing, is not satisfactory to my mind, for they have not always been so considered. Notes of some banks in that state have depreciated as well as in our own state. They may not, at the time this note was given, and when this decision was made. They are not in contemplation of law the same thing as money They are not a legal tender. But on a promise to pay in bank notes, tender and refusal of bank notes, and bringing them into court with a tout temps prist, would avail the defendant. 8 Mass. 260. And it appears to me that a contract to pay in bank notes, however certain the value, is not a contract for payment of money: for if it were, the holder of'the nóte might refuse to receive any thing but specie, contrary to the special agreement of the parties. But when the present note was given, in 1817, bank notes were very far from being considered as money, and passing as such. Many of the chartered bank notes had greatly depreciated, and some of them have since sunk in value below 50 per cent. This note, so far from being payable in money, is payable in more than 40 kinds of paper, of different value. To declare on this as on anote for the payment of 500dollars, would have been a fatal variance. So much satisfied was the plaintiff below of this, that he amended his statement, by adding, payable in bank notes of the chartered banks in Pennsylvania. Thus showing his own opinion, that this was not a promissory note for payment of money. I am, therefore, for these reasons, of opinion, that this is not a negotiable or transferrable note for payment of money, so as to enable the assignee or indorsee to sustain an action in his own name. It was not a promise to pay money either in legal contemplation, or in the contemplation of the parties when they contracted. It is an unanswerable objection to the action, that the defendant might,according tothis contract, have tendered the500dollars in the notes of any chartered bank, however depreciated their paper might be. In a note for money, nothing but current coin would be a tender.
But, if the iudorsee co.uld maintain the action, he must show, that he is the indorsee. It is not a note passing by delivery, payable to bearer. The maker of it did not promise to pay to the bearer, but to the order of payee. Strike out the indorsement, and what is the right of the plaintiff below. He must claim by and through the indorsement. It is his authority to call for the money. Blank indorsement transfers the legal right, because the holder may fill it up; he is allowed so to do by the payee. But he cannot make an indorsement. The bona fide holder of a note, payable to bearer, may recover on his possession, but where payable to order, he must prove the order, which can only be done by proving the indorse *97 ment by the payee. There is no necessity to set out an indorsement in the first case, but if it is done, then it must be proved. Waynam v. Bend, 1 Campb. 175. In arguing this case, it was assimilated to that to which it bears no resemblance, an action on a bill of exchange, where it is not necessary to prove the handwriting of the drawer, in an action by the indorsee against the acceptor. The reason is very obvious; for there the acceptor is liable though the bill is forged.
So in an action by the indorsee against the indorser, it may not be necessary to prove the handwriting of the drawer, because the indorsement is in the nature of a new note, and if the drawer’s name was forged, still the indorser would be liable. But here it was necessary to set out the indorsement, and to prove it. The averment of indorsement could not, as the court supposed, be struck- out, without destroying the plaintiff’s right of action. It was a material, necessary averment, the very foundation of the action, a necessary allegation, traversed by the defendant’s plea of non assumpsit, and without proof of which, the plaintiff had no standing in court. For both these reasons, the judgment is reversed.
Judgment reversed.