Daniel, Judge.
 

 The only question submitted for our decision in this case is, whether the single bill or bond declared on is negotiable, so as to enable the plaintiff as assignee to sue in his own name. The bond is drawn for fourteen hundred dollars payable “ in bank stock or lawful money of the United States.” By the act of 1762, (1
 
 Rev. Stat.
 
 c. 13, sec. 1,) promissory notes drawn for the payment of money, were made negotiable and assignable over, in like manner as inland bills of exchange are by the custom of merchants in England; and the person to whom the same is assigned, may maintain an action on the same,
 
 *514
 
 as in cases of inland bills of exchange. The legislature, jn the year 1786, (1
 
 Rev. Stat.
 
 c. 13, sec. 3,) enacted, “ that all bills, bonds, or notes, for
 
 money,
 
 as well those with, as those without seal, shall be held and deemed to be negotiable, and all interest and property therein, shall be transferable by endorsement, in the same manner, and under the same rules, as notes called promissory, or negotiable notes, have heretofore been; and the endorsee, in his own name, may have and maintain his action, &c. as endorsees of notes, called promissory, or negotiable notes.” Thus, it seems, that notes and bonds to be negotiable under the aforesaid acts, must stand upon the same footing, and be governed by the same rules, as inland bills of exchange are by the law merchant. Bills of exchange to be negotiable by the law merchant, must be drawn for the payment of money absolutely, and not for the payment of money and performance of some other act, or in the alternative. Chitty on Bills, 45. A written promise to pay three hundred pounds to B., or order, in three good East India bonds, was held not to be negotiable within the statute of Ann. Buller’s N. P. 272. If a bill is not negotiable upon its face when drawn, it cannot afterwards become so by circumstances arising
 
 ex post facto.
 
 Bayley on Bills, 9.
 
 Kingston
 
 v.
 
 Long,
 
 Chitty on Bills, 42, note.
 
 Hill
 
 v.
 
 Holford,
 
 2 Bos. & Pul. 413. In the case before the Court, the bond is not for the payment of money absolutely : the obligor had his election, before or at the day of payment, to discharge it by transferring fourteen hundred dollars worth of bank stock to the obligee. In New York, the Courts have gone the length of holding, that a note, payable in bank notes, current in the city of New York, is a negotiable note within the statute. Bank paper, in conformity with common usage and understanding, is (say they) regarded as cash; and, therefore, that the note meant the same as if payable in lawful current money of the state.
 
 Keith
 
 v.
 
 Jones,
 
 9 Johns. Rep. 120.
 
 Judah
 
 v.
 
 Harris,
 
 19 Johns. Rep. 144. But in the states of Massachusetts and Pennsylvania, it has been held, that motes or bills payable in the notes of their chartered banks ;are not negotiable, and the endorsees cannot sue in their
 
 *515
 
 own names.
 
 Jones
 
 v.
 
 Fales,
 
 4 Mass. Rep. 245.
 
 M'Cormick
 
 v.
 
 Trotter,
 
 10 Serg. & Rawle, 94. But bank stock has in no state ever been considered or regarded as cash; the instrument is, therefore, not negotiable according to the authorities before cited. We are of the opinion that the judgment rendered in the Superior Court was correct; and the same is affirmed.
 

 Per Curiam. Judgment affirmed.