## Fallon *v.* Safety Banking & Trust Company, Appellant.

*Banks and banking—Certificate of deposit—"Current funds"—Negotiable paper.*

1. The holder of a certificate of deposit payable in "current funds;" who is otherwise entitled to recover thereon, is entitled to judgment for the amount specified in the certificate, without proof of value.

2. In an action upon a certificate of deposit, where the certificate shows an indorsement by the depositor and various other parties and the statement avers that the depositor had assigned and transferred the certificate and that similar assignments and transfers had been made by the other holders, until the instrument came into the hands of the plaintiff, and that suit was brought in the name of the deposi-

tor to the use of the intervening holders and the plaintiff, and the affidavit of defense does not deny the allegation of transfer and assignment, nor that the certificate when presented was indorsed, as required by its terms, the plaintiff will be held to be an assignee of such interest in the certificate as the depositor originally had.

3. In an action on a certificate of deposit where it appears that the certificate by its terms was payable "in current funds on return of this certificate properly indorsed," on a day stated, a mere averment in an affidavit of defense to the effect that before maturity the depositor had stopped payment of the certificate, is insufficient to prevent judgment; nor is an averment of the affidavit sufficient which states that the defendant had no current funds belonging to the depositor or any of the subsequent holders at the time of the maturity of the certificate, and that the defendant had received no notice of the assignment prior to the maturity of the certificate.

Argued Oct. 7, 1910. Appeal, No. 274, Oct. T., 1909, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1909, No. 1,826, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Peter F. Fallon to the use of Will Atkinson, to the use of Percy F. Smith, to the use of Mayfield Bank & Trust Company, to the use of American National Bank of San Francisco, California, v. Safety Banking & Trust Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit upon a certificate of deposit.

From the record it appeared that the certificate and its indorsements were as follows:

"No. 1895. PHILADELPHIA, June 22, 1908. $500.00/100.

"Peter F. Fallon has deposited in the Safety Banking and Trust Company Five hundred 00/100 Dollars to the credit of himself, payable in current funds on return of this certificate properly endorsèd, on June 22, 1909. Interest 4 per cent per annum.

"(Signed) H. J. COLVER,
"Cashier.

"(Signed) H. L. ROCK,
"Sec't'y.

" (Endorsed)

"PETER F. FALLON,

"WILL ATKINSON,

"PERCY F. SMITH.

"Pay to the order of American National Bank, San Francisco.   Mayfield Bank & Trust Co., Mayfield, Calif.

"S. A. CRARY,

"Cashier."

FERGUSON, J., filed the following opinion:

It is not necessary for us to determine in this case if the certificate of deposit was an instrument the title to which could be passed by negotiation. The statement alleges that Fallon assigned and transferred the certificate and that similar assignments and transfers were made by the other holders, until the instrument came into the hands of the present plaintiff, and suit is brought in the name of Fallon to the use of the intervening holders and the present holder. The allegation of the transfer and assignment of the certificate is not denied in the affidavit of defense; neither is it denied that the certificate when presented for payment was indorsed as required by its terms. The present holder thereof must be held to be an assignee of such interest in the certificate as Fallon originally had.

The defense in substance is that before maturity Fallon stopped payment of the certificate, and it is argued that the instrument is not a negotiable instrument, and hence the present holder takes it subject to such equities as exist between the defendant and the original holder. No equity that we can see has been averred as between the defendant and Fallon. The obligation was not Fallon's obligation, but the obligation of the defendant, in which it certified that it held a certain amount payable, with interest, on a certain date. That Fallon notified the defendant not to pay the certificate is not an averment of any defense against the certificate had it been in the hands of Fallon. The instrument sued upon is an

absolute promise by the defendant to pay the money upon a certain day, and a mere direction by Fallon to the company not to pay it, without other facts, would not amount to a defense to a suit upon the certificate in the hands of Fallon or anyone claiming under him. The affidavit is also disingenuous in its failure to state the character of the notice from Fallon, whether verbal or written, of the time when the same was given. For these reasons we think the allegation insufficient as a defense to the plaintiff's claim.

The averment in the affidavit that the defendant had no current funds belonging to Fallon or any of the subsequent holders at the time of the maturity of the certificate is also without merit. The certificate on its face declared that the defendant had the funds upon the date of the certificate, and it was its business to have them at maturity. Who the particular funds might belong to is a matter entirely immaterial. The defendant does not essay to explain what became of the funds and in this respect the defense is most vague and evasive. The same may be said with regard to the allegation that the defendant did not receive notice prior to the maturity of the certificate. There was nothing in the certificate which required notice before maturity.

We are of opinion the affidavit is insufficient and that judgment should be entered for the plaintiff.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John C. Gilpin,* for appellant.—A bona fide holder for value takes no better title than the transferrer, and also takes subject to any equities which may be existing at the time of maturity, between the maker of the paper and the person to whom it was issued. The following decisions establish this principle: Patterson v. Poindexter, 6 W. & S. 227; Charnley v. Dulles, 8 W. & S. 353; Lebanon Bank v. Mangan, 28 Pa. 452; London Savings

Fund Society v. Bank, 36 Pa. 498; Dempsey v. Harm, 20 W. N. C. 266; Bircleback v. Wilkins, 22 Pa. 26; Thompson v. McClelland, 29 Pa. 475.

The certificates in suit being nonnegotiable, the present holder cannot have any better right to recover than had Fallon, the person to whom the certificates were issued. This clause, "current funds," has been construed by the Supreme Court in Wright v. Hart, 44 Pa. 454.

*Edward L. Perkins,* for appellee, cited: McGough v. Jamison, 4 Penny. 154; Pittsburg v. Daly, 5 Superior Ct. 528; Nat. Bank of Ft. Edward v. Washington County Nat. Bank, 5 Hun (N. Y.), 605.

PER CURIAM, March 3, 1911:

However it may have been at the time the decision in Wright v. Hart, 44 Pa. 454, was rendered, we think it must now be held that the holder of a certificate of deposit payable in "current funds," who is otherwise entitled to recover thereon, is entitled to judgment for the amount specified in the certificate, without proof of value. In Bull v. First National Bank of Kasson, 123 U. S. 105, 8 Sup. Ct. Repr. 62, after stating that there were numerous cases where a designation of the payment of bills, promissory notes and checks, in notes of particular banks or associations, or in paper not current as money, has been held to destroy their negotiability, Mr. Justice FIELD said: "But within a few years, commencing with the first issue in this country of notes declared to have the quality of legal tender, it has been a common practice of drawers of bills of exchange or checks, or makers of promissory notes, to indicate whether the same are to be paid in gold or silver or in such notes; and the term 'current funds' has been used to designate any of these, all being current and declared, by positive enactment, to be legal tender. It was intended to cover what was receivable and current by law as money, whether in the form of notes or coin." Numerous other cases might be cited in which this inter-

pretation of the words "current funds" has been approved. For a discussion of the other features of the affidavit of defense we refer to the opinion of the learned judge below, in which we all concur.

The judgment is affirmed.