PICKETT & PICKETT, vs. EVERETT, use of YALLALY.

1. A bond given to a *feme sole*, after her marriage can only be reduced into possession by her husband by his receiving satisfaction of the debt or by altering the security.

2. It is not converted into possession by the husband taking possession during her life, and after her death transferring it to another.

## ERROR to Clinton Circuit Court.

LEONARD, *for Plaintiffs.*

I. The claimant having voluntarily suffered a non-suit, and his motion to set it aside being over-ruled, cannot by appeal from such a decision remove the cause into the Circuit Court.

II. The demand is exhibited in the county court in the name of Yallaly, while the judgment of the Circuit Court is in favor of Everett to the use of Yallaly. In the county court Yallaly is the plaintiff—he exhibits the claim—prosecutes the suit—makes affidavit—executes the bond. and takes the appeal; but in the Circuit Court a new party is introduced upon the record, and the original plaintiff is reduced to a mere beneficiary, for whose use the new party prosecutes the suit.

III. A bond given to an unmarried woman, who afterwards marries, is still a chose in action, although it be in the possession of the husband during the marriage, and upon her death belongs to her personal representatives and not to her surviving husband, and therefore, the court in the instructions withheld and in those given, as well as in its final judgment of allowance, manifestly erred. Nash vs. Nash, 2 Mad. Rep., 411; 1 Williams on Executors, 605-60; McNalage vs. Holloway, 1 Barn. & Ald., 218.

SCOTT, J., *delivered the opinion of the Court.*

This was a suit commenced in the county court and taken by appeal from that court to the Circuit Court, and thence to this Court. In the county court the plaintiff took a non-suit because he was refused permission to read in evidence the bond on which suit was brought, and after an unsuccessful motion to set it aside, he appealed to the Circuit Court.

F. Wilkinson, the intestate of the plaintiffs in error, executed to Frances Wilkinson a *feme sole*, the bond sued on. After the execution of the bond, Frances Wilkinson, the obligee, intermarried with John Everett, and shortly thereafterwards died. Subsequently to the death of his wife, Everett delivered the bond without endorsement to Yallaly in payment for medical services rendered to his wife.

The question is, whether under these circumstances, the plaintiff can maintain this action ?

It can hardly be necessary to say that the fact of the bond having been in custody of the husband after the death of the wife, although he might have received it during her lifetime, is not a reduction of it into possession in the sense in which that phrase is used in the law. That could only have been done by receiving satisfaction by suit at law or otherwise, or by altering the security. By the common law, the husband was entitled to administration on his deceased wife's estate, and if there were choses in action not reduced into possession during coverture, he must sue for them as administrator, and if the wife died indebted, the husband as far as her assets thus recovered went, was responsible for her debts. 2 Kent, 135-6; Grosvenor vs. Lane, 2 Atkinson, 179.

The case of Leaky vs. Maupin, 10 Mo. R., 362, shows the difference between our law and the common law on this question. The husband might have administered on his wife's estate and recovered this debt, and would have held it subject to the course of distribution pointed out by our statute, and not in his own right. He had no authority as husband to sue on the bond, or transfer it in payment of his own debt.— That the services of the doctor were rendered during coverture does not make the debt due for them, the debt of the wife, and even if it was her debt, its payment could only have been enforced in a due course of administration.

As to the point of the non-suit, it may be remarked, that all non-suits in an enlarged sense of the term, are voluntary, as a party cannot be compelled to take one. But in our practice the distinction has been constantly maintained between a non-suit taken by a plaintiff without any adverse action of the court against him, and those in which he takes such a step in consequence of a decision which makes it clear that a further prosecution of the suit would be unavailing, or deprives him of the means of successfully sustaining the issue on his part. The court having rejected as evidence, the instrument sued on, the plaintiff was compelled to submit to a non-suit, and it has been the constant practice to sue out a writ of error on such non-suits after an unsuccessful motion to set them aside.

The other Judges concurring, the judgment will be reversed.