WALKER'S ADMINISTRATOR, Plaintiff in Error, v. WALKER, Defendant in Error.

1. Equitable relief can not be given in a suit asserting a legal right and seeking its enforcement.
2. At law the husband can not make a gift direct to the wife; and though equity, where the intent is clear that she shall enjoy the property granted to her separate use, will in such case interfere and constitute the husband a trustee and compel him to execute the trust, yet the proof of the trust must be clear and unequivocal.

3. If personal property, other than choses in action, be in such a situation that the husband may, if he will, lawfully take it into his hands at any moment, this is a sufficient reduction into possession, although he should not actually take it into his custody.

4. Where a husband is in possession of personal property bequeathed to his wife by a former husband, as administrator of such former husband, and he makes a final settlement, and it is ordered by the court that he and his wife retain all the estate of the deceased in their hands : *held*, that the husband's possession as administrator ceases, and his possession *jure mariti* commences, at the date of such order; this would not however be a reduction into possession by him of a bond or note for the wife's money taken by him as administrator.

### *Error  to  Cooper  Circuit  Court.*

This is a suit by the plaintiff, the public administrator of Cooper county, as administrator of the estate of Mary Walker, deceased, against Henry R. Walker, her surviving husband. Plaintiff asserts in his petition that defendant is in possession of sixteen thousand dollars in money, notes and accounts, belonging to his, plaintiff's intestate, which he refuses to pay or deliver to plaintiff; that he is also in possession of certain slaves, jennies, jacks, horses, and· other personal property, enumerating it, belonging to said estate, which he also refuses to deliver.   Plaintiff asked " judgment for the value of said money, notes and accounts, slaves and other property in defendant's possession belonging to said estate, and to the plaintiff as such administrator, with damages for the wrongful detention thereof."

The defendant answered admitting the possession alleged, but asserting absolute title in himself.

Upon the trial of the cause evidence was adduced showing and tending to show that Mary Walker, plaintiff's intestate, was at the time of her death the wife of defendant Henry R. Walker ; that she intermarried with defendant in the year 1851 ; that at the time of her marriage with defendant she was the widow of Isaac Maston, deceased, who died in 1850 possessed of a large estate, consisting of lands, slaves, horses, mules, jacks, cattle, &c. ; also notes and bonds for money at interest ; that Maston left a will by which, after making sev-

eral small bequests to his relatives, he devised and bequeathed all the residue of his estate, real and personal, to his wife, Mary, absolutely, and appointed her and Anthony S. Walker executrix and executor ; that they took out letters testamentary and took charge of Maston's estate ; that in December, 1851, the defendant Henry R. Walker married said Mary Maston ; that in July, 1852, said Henry R. Walker was appointed administrator with the will annexed of the estate of said Maston ; that he administered upon the same, and made a final settlement at the April term, 1854, of the Cooper probate court, when an order was made directing that the residue of the estate be retained by said Walker and wife, she being the residuary legatee, and the defendant was discharged from making further annual settlements.   Plaintiff's intestate died in April, 1856.   It appeared in evidence that the personal property belonging to the estate of Maston was assessed for the years 1852, 1853 and 1854, in the name of plaintiff's intestate, with the assent of defendant ; that for the years 1855 and 1856 it was assessed in the name of defendant, while the real estate was assessed throughout all those years in the name of plaintiff's intestate ; that at the date of the marriage of defendant with plaintiff's intestate, he, defendant, owned a farm in the immediate vicinity of the Maston farm ; that after the marriage the defendant resided at the Maston farm ; that the negroes of the Maston estate were kept separate from those of defendant's farm ; that they were worked separately, living upon the respective farms as before the marriage ; that Mrs. Walker, plaintiff's intestate, directed and controlled the affairs of the Maston farm ; that the negroes and stock on said farm were familiarly know as hers ; that separate accounts were kept of moneys, &c.

The plaintiff asked the court to instruct the jury as follows : " 1. If the jury believe from the evidence that at the time of the commencement of this suit the defendant had in his possession money, notes, accounts, slaves and other personal property of the description stated in the petition, belonging to the estate of Mary Walker, deceased, they must

find for the plaintiff, and may allow interest on such aggregate value at six per cent. from the commencement of this action.  2. Although the husband by virtue of the marriage is entitled to the personal property of the wife, yet he must reduce it to his possession *as husband* during the marriage, and if he does not it goes to his wife's legal representatives. If therefore the jury believe from the evidence that the defendant did not so reduce his wife's personal property before marriage to his possession during the marriage, but that the wife, from her marriage to her death, had the separate control of it in her own right, independent of her husband, they must find for the plaintiff.  3. Although in the absence of evidence, the possession of personal property by the wife is the possession of the husband, yet if the jury believe from the evidence that Mrs. Walker, from her marriage to her death, had the separate possession and control of the property she had before marriage in her own right, independent of her husband, such possession was not the possession of the husband, and they must, in such case, find for the plaintiff.  4. Even though the defendant had taken possession of the property as Maston's administrator, yet if he held the possession as administrator merely, and the wife took the separate possession and control of property in her own right, independent of her husband, from the close of the administration until her death, such possession could not pass the property to the defendant as husband.  5. Even though the jury may believe from the evidence that the defendant during the marriage took control of the property his wife had at the marriage, yet, if they further believe from the evidence that he did not so take control of it as husband in his own right, but in right of his wife, recognizing her separate right to and separate control of it, such control by defendant was not such possession as passed the property to him as husband.  6. A gift from husband to the wife of her own property after marriage, if a reasonable provision for her, the husband's fortune and circumstances considered, and not prejudicial to credi-

tors, accompanied by the separate possession, use and control of it by the wife, passes the title to her as her separate property ; and such a gift need not be expressly proved, but may be implied from the acts and declarations of the husband. If therefore the jury believe from the evidence that Mrs. Walker had the possession and control of her own property, and that defendant permitted her so to possess and control it, upon a mutual understanding between them that he was to set up no right to it as husband, and that she was to have it as her own separate property, such control and possession were sufficient to pass the property to the wife as a gift, and the defendant could not in such case resume possession and again divest his wife of her property." The first of these instructions was given. The court refused the others.

The court, at the instance of the defendant, gave the following instruction : " 1. If the jury believe from the evidence that the property, &c., in controversy was derived from the estate of Isaac Maston, deceased, as a legacy bequeathed to plaintiff's intestate, Mary Walker, late Mary Maston ; and if the jury further find that whilst the said Mary was so entitled to said legacy and before the close of the administration of Maston's estate, the defendant intermarried with said Mary, and that afterwards in July, 1852, before the close of the administration, he became administrator de bonis non of said Maston's estate, and that as such administrator he administered the estate until April, 1854, when he made a final settlement in the probate court of Cooper county, and that on such final settlement being made the court ordered that the said property, &c., be retained by him and his said wife Mary, as legatee as aforesaid, then said legacy and property, &c., aforesaid vested absolutely in the defendant as husband of the said Mary, and the plaintiff is not entitled to recover the same or any part thereof from the defendant, and the jury must find their verdict accordingly."

Thereupon the plaintiff took a nonsuit with leave to move to set the same aside.

*Gardenhire*, *Parsons* and *Hening*, for plaintiff in error.

I. The question as to whether the defendant had reduced the property in controversy into his possession as husband was a material question in the cause. The second instruction asked by plaintiff should have been given; for unless the husband did reduce the property of the wife to possession during coverture, he acquired no title, and at her death it passed to her heirs. His possession as administrator was not such a possession as gave him the absolute property. (In the matter of the estate of George Singer, 2 Ashm. 462; 1 Ashm. 331; 12 Vesey, 496; Elms v. Hughes, 3 Dessaus. Ch. 155.) For the like reason the 3d, 4th and 5th instructions of plaintiff should have been given.

II. The 6th instruction should have been given; for even though the husband had had the property distributed, yet if he waived his right to the possession and left it undisturbed in his wife, this was impliedly a gift to her, a surrender of his right to the possession; this would be a gift which the husband would not be at liberty to revoke at pleasure. (2 Story, 839; 2 Swans. 108; 17 Mass. 56; Joshua Gentry, adm'r, v. John McReynolds, adm'r, 12 Mo. 534.)

III. The instruction for the defendant was wrong. The order of the probate court that the husband and wife should retain the property did not *per se* vest the absolute title to the property in the husband. He was bound to reduce the property to possession as husband. (2 Kent Com. 137.)

*Adams*, for defendant in error.

I. The marriage of the respondent with the plaintiff's intestate passed all her personal property in possession to him absolutely, and gave him the right to reduce to possession all her choses in action at any time during the coverture; and by such reduction to possession he became the absolute owner.

II. The respondent being in possession of his wife's legacy under Maston's will as administrator de bonis non of Maston's estate, held the same as administrator until his final settlement, which occurred in April, 1854. The final settlement

closed the administration, and he no longer held the possession as administrator, but as husband of the plaintiff's intestate; and that of itself, without any act of the court, would have vested in him the absolute title. But undoubtedly the order of the probate court having jurisdiction, made at the time of the final settlement, and at the end of the administration, directing him to retain the property, &c., in dispute for himself and wife as legatee under Maston's will, passed such legacy to him absolutely, and is conclusive evidence that he had reduced it to possession so as to become the absolute owner.

III. The possession of the wife is the possession of the husband. They are one person in law, and there can be no separate or independent possession on the part of the wife; and the instructions asked by the appellant enunciating a contrary doctrine, even if there had been any evidence to support them, were erroneous and properly refused.

IV. No question can arise in this case about separate property in the wife. The petition presents no such question. It is not a proceeding against the respondent as trustee for his deceased wife to enforce the execution of a trust, or to compel him to account for and relinquish property held by him as trustee for the separate use of his deceased wife; but it is simply an action in the nature of an action of trover, charging him not as trustee, but as a wrongdoer, as having the possession of property to which he has no title either as trustee or otherwise, and to which the plaintiff, as administrator, is legally entitled; and the plaintiff must stand or fall by the case as presented by his petition. (Link v. Vaughan, 17 Mo. 585; Jones v. Baker, 20 Mo. 87.; Kenedy v. Daniels, 20 Mo. 104; Coran v. Johnson, 20 Mo. 431.)

V. But even if this was a proceeding against the respondent as trustee for his deceased wife, in the nature of a bill in equity to compel the execution of a trust, or to compel him to account for and deliver up the trust property, there is nothing in the evidence to warrant any such proceeding, or that tends in the slightest degree to establish a separate

property or equity in the wife. Every particle of evidence was such as the respondent might have used if he had been plaintiff suing for the property.

VI. An administrator of a deceased wife can not set up a claim to undisposed of separate property in the husband's possession. · Where the husband is the trustee and survives his wife, the undisposed of separate property in possession belongs to him at her death *jure mariti*. The separate property in such case being a mere creature of equity for the benefit of the wife, ceases at her death, and the husband becomes the absolute owner of the property discharged of any trust. (Moloney v. Kenedy, 10 Sim. 255 ; 1 Amer. Lead. Cas. in Equity, 401 ; Stewart v. Stewart, 7 Johns. Ch. 245.)

VII. But if the wife's administrator could claim undisposed of separate property in the husband's hands, where such claim is founded upon a supposed gift from the husband to her separate use, it must be established by satisfactory evidence of an act constituting a transfer of the property and sufficient transmutation of possession ; and the language creating the gift or trust must show that it was for " *her sole and separate use,*" or words to that effect. (Clancy on Rights, 260 ; Walter v. Hudge, 2 Swanst. 97, 112.) A mere delivery to the wife would not be sufficient change of possession. (McClean v. Long, 5 Ves. 79 ; 19 Mo. 343.) A parol gift from a husband to a wife of a slave is void. (Woodson v. Pool, 19 Mo. 343.) In this case there is no evidence of any gift whatever, much less of a gift to the separate use of the wife. Loose and general declarations (if there had been any such) are not sufficient for the deduction of a trust or to establish a gift. (5 Johns. Ch. 1 ; Sloan v. Marshall, 2 Wash. C. C. 398.)

SCOTT, Judge, delivered the opinion of the court.

As to that portion of the personal property involved in this controversy, which consists of money, slaves, horses, jacks, jennies, cattle, &c., there is little room· to doubt the right of the defendant, both on the merits and on technical grounds. This is an action to recover damages for taking or withhold-

ing personal property. The plaintiff asserts a legal title to the property sued for. The evidence of that title is an alleged gift of the husband. Now nothing is clearer at law than that the wife can not be the recipient of a gift from the husband so as to vest in her a legal title to the subject matter of the gift. Their unity prevents it. The personal property of the wife at law belonging to the husband, so soon as a gift is made to the wife the gift becomes the property of the husband. (Faulkner v. Faulkner's Ex'rs. 3 Leigh, 255; Clancy on Rights, 251; 1 Bright on Husband and Wife, 29, 33.) Courts of equity, however, where the intention of the husband is plain that his wife should have to her separate use a portion of his estate, and when the rights of creditors are not in the way, will raise in him a trust when no third person is interposed as trustee, and will compel him, for the benefit of his wife, to execute the trust with which the property may have been clothed. But this trust can not be enforced in an action as setting a legal title to the property designed for the separate use of the wife and claiming damages for its conversion. The gift, or more properly trust, can only be carried into effect through the instrumentality of a petition in the nature of a bill in equity setting forth the facts on which reliance is placed to show that a trust for the separate use of the wife was created, and praying an enforcement of its provisions. But in all such cases, as against the husband, the authorities are united that the evidence of the trust must be clear and unequivocal. (Clancy, 260; Walter v. Hudge, 2 Swanston, 92.) As to the evidence produced on the trial in this cause we do not regard it by any means as sufficient to raise in the husband a trust for the benefit of his wife. The kindness and indulgence of the husband to his wife during her life should not be perverted to his prejudice after her death. His conduct in relation to the estate he derived from his wife is not inconsistent with the idea that he regarded himself as the owner of it. Coming into the possession of the property in the way he did, a kind disposition to his wife would naturally lead him to indulge her in the manner she was

indulged, when he discovered such was her pleasure. But it would seem that the declarations of the wife herself in relation to this matter, if we are to credit the evidence of them, would satisfy us that she did not contemplate that her control of the property should extend beyond the period of her life.

As to the point that the property, other than the choses in action, never was reduced into possession during coverture, we are of the opinion that it is unsustained by the law arising from the facts of the case. In contemplation of law property is reduced into possession when it is in such a state that the husband can lawfully take it into his hands, if he will. It is not necessary that he should have actually taken it into his custody. If he has a right to do so at his will, it is enough. When no suit at law or equity is necessary to obtain possession of personal property, and the husband may, if he will, take actual possession of it, but fails or neglects to do so, the property is not the less reduced into his possession.

The objection that the property was not reduced in possession must rest either in the idea that it was in the possession of the wife, or that it was held by the husband as administrator. Both of these grounds are untenable. If the property was in the possession of the wife, then the possession of the wife was the possession of the husband. The facts and the law applicable to them do not warrant the assertion that the property at the death of the wife was held by the husband in the capacity of administrator. It had been in the possession of the husband as administrator His wife was the legatee of it. The county court had authority to order the payment of legacies. An order was made that this legacy be retained by the husband and wife, and a final settlement of the administration was made, and a declaration in writing by the defendant and his wife acknowledging the receipt of the amount ordered to be retained was filed among the papers relating to the administration. If circumstances like these are not sufficient to show that property held by one as administrator ceased to be held as such, and was regarded as property held

in his own right, it is not easy to see how a change of the capacity in which property may be held by the same individual can be effected. (State, to the use, &c., v. Hearst, adm'r, 12 Mo. 365.)

As to the choses in action mentioned in the petition, we are not prepared to say that they are the property of the husband. If any of them were payable to the wife of the defendant, or even given for money belonging to the estate of which the wife was legatee, and made payable to the defendant as administrator de bonis non, the order of the probate court directing such bonds and notes to be retained by the defendant and his wife, was not such a reduction into possession by the husband as is required by the law in order to give the legal right to the husband. If they were afterwards paid during the coverture, or if they were novated by taking a new security in his own name during the wife's life, the case would be different. (2 Kent, 137; Picket v. Everett, 11 Mo. 568.) The cases of Leaky v. Maupin, 10 Mo. 362, and Wood v. Simmons, 20 Mo. 363, show the difference between our law and that of England on this subject. They render it unnecessary at this time to go into an investigation of this question.

As there was some evidence that a bond for the wife's money was taken by the defendant as administrator de bonis non, and as it did not appear but that such bond was still unpaid, and as the instruction given by the court had the effect to exclude such evidence from the consideration of the jury, the judgment will be reversed in order that it may be ascertained whether there were any choses in action to which the wife was entitled and which were not reduced into possession by the husband at the time of her death. Judgment reversed and cause remanded; Judge Leonard absent.