# Ex Parte LOCKE.

[APPLICATION FOR MANDAMUS.]

1. *Costs, security for, when sufficiently lodged in suit by corporation.*—In a suit by a corporation, security for costs under section 2804 of the Revised Code, is sufficiently lodged with the clerk by endorsing or entering it upon the summons or complaint before they are handed to the sheriff to be executed. The facts of this case show that section 2804 of Revised Code was substantially, if not literally, complied with.

THIS was an original application by petition, by W. M. Locke *et al.* to this court for a *mandamus,* or other appropriate process or writ, to compel the judge of the city court of Eufaula " to dismiss the action pending in said court in favor of the Importing and Exporting Company of Georgia, against petitioners, for the reason that security for costs was not lodged with the clerk before the commencement of the action," &c., the said city court having overruled the motion made by petitioner to dismiss said suit, &c.

In support of the motion in the court below, petitioners proved that the complaint was written on one side of a sheet of " foolscap" paper ; that it filled up one side of said leaf of paper, and about one half of the opposite and only other side ; and that upon this last mentioned side of foolscap paper, and immediately following the close of the complaint, security for costs appeared, as follows :

" The plaintiff being a corporation, we hereby bind ourselves as security for costs in this case.

Eufaula, April 28, 1871.     SHORTER & McKLEROY."

The record does not show that there was any written approval of the security for costs.

In support of the motion, petitioners further proved that John Gill Shorter and John M. McKleroy, and either of them, were authorized by the clerk of the court in writing to sign his name officially as clerk, &c., to all writs, &c., and approve all bonds, &c., for costs, &c. This authority was dated July 5th, 1870. It was also proved that John M. McKleroy, on the 29th of April, 1871, after having written out the complaint and the security for costs above mentioned, dated the same, and signed the clerk's name to the summons, handed the same to the deputy clerk, who had been duly appointed, taken the oaths required by law, &c., and instructed said deputy clerk to deliver the same to the sheriff, which was done on the same day. This being all the evidence, the court overruled the motion.

F. M. Wood, and J. M. Buford, for the petitioners.—
1. Section 2804 of the Revised Code requires corporations, before commencing suit, to lodge with the clerk security for costs. Nothing short of a *lodgment* with the clerk will answer the requirements of this statute.

Section 2804 of the Revised Code, as it originally stood, applied to ordinary suits, and required a lodgment of security for costs with the clerk, or its endorsement upon the complaint. One of these things had to be done.—*Ex parte Robbins*, 29 Ala. 74. This case arose prior to the 20th of February, 1860, when said section 2802 was amended so as to allow security to be given to the officer issuing the writ of attachment, or endorsed upon the writ of attachment; but in construing that section of the Code before it was amended as above, the court held that in attachment cases, when the writ was issued by an officer other than the clerk of the court to which it was made returnable, the plaintiff could attach the complaint to the writ, and endorse the security upon such complaint. This would comply with the law. But either this or a lodgment with the clerk of the court had to be done. Under section 2804

of the Revised Code, as construed in *Ex parte Robbins, supra,* nothing short of a lodgment with the clerk, or endorsement upon the complaint, would answer the demands of the law; and the endorsement upon the complaint was good, because expressly allowed by that statute.

Section 2804, which applies alone to suits by corporations, is not in the alternate; only one way of giving security for costs is provided for—that is, by lodgment with the clerk—and this particular mode will admit of no substitute. The statute must receive a strict construction.— *Ala. & Tenn. Rivers Railroad v. Harris,* 25 Ala. 235.

2. The security in the case now before the court was endorsed upon the complaint, and accepted by John M. McKleroy, one of the attorneys for the plaintiff, at the time he issued the summons, in the name of the clerk, under written authority shown in the bill of exceptions. This was not a lodgment with the clerk within the meaning of section 2804 of the Revised Code. It can no more answer the demands of that section than the endorsement of the security upon the writ of attachment issued by an officer other than the clerk of the court to which it was returnable, would answer under section 2802 of the Revised Code before it was amended on the 20th day of February, 1860. And in *Ex parte Robbins, supra,* it is expressly decided that the endorsement of the security upon the writ of attachment was insufficient under section 2802 of the Revised Code.

3. Besides, the power to take and approve a bond for security for costs is an act judicial in its nature, and can not be delegated to an attorney either by a writing or verbally; and the taking and approving of the security for costs by said McKleroy amounts to nothing. It can have no more validity than the judicial act performed by a private person appointed by a judge of a court to decide a given case. For this reason, if for no other, the security for costs, given and accepted in the manner shown by the evidence, is equivalent to no security, and the suit should have been dismissed.

SHORTER & McKLEROY, *contra*.

PECK, C. J.—Section 2804 of the Revised Code, if not literally, was substantially complied with by the plaintiff in the action against the petitioners, in the city court of Eufaula, before the suit in that behalf was commenced.

Security for the costs was given and entered on the complaint, which was in the office of the clerk, and actually in the hands of the deputy clerk, before the summons and complaint were handed to the sheriff to be executed. This was sufficient.

A writ, so far as giving security for costs is concerned, is not considered as commenced until the summons and complaint are handed to the sheriff to be served.—*Ala. & Tenn. Rivers Railroad Co. v. Harris*, 25 Ala. 229. The sueing out the writ is the commencement of the action, *Cox v. Cooper*, 3 Ala. 256. A writ can not be said to be sued out until it passes from the hands of the clerk to the sheriff to be executed; and security for the costs may be lodged with the clerk at any time before that is done.

Let the application for a *mandamus* be denied, at the costs of the petitioners.