## City of Nanticoke v. Grodzicki

*Ray Livingston,* for plaintiff.
*Peter Kanjorski,* for defendant.

VALENTINE, J., October 9, 1934.—On April 7, 1928, a municipal claim for paving and curbing was entered by the plaintiff against the property situate at 33 Arch Street, Nanticoke, Pa., owned by Konstanty and Katharzyna Grodzicki. No further proceedings were had until

August 22, 1933, on which date plaintiff filed a præcipe for a writ of sci. fa. to revive and continue the lien of said claim. Upon the filing of the præcipe the prothonotary prepared a writ of sci. fa. and delivered same to plaintiff's attorney. The writ remained in the hands of the attorney and was not delivered to the sheriff.

On July 6, 1934, the defendant conveyed the real estate, against which the claim had been filed, to John and Emerencia Bialek, and on July 17, 1934, the present rule was procured.

The motion to quash is based upon the contention that the preparation of the writ of sci. fa. by the prothonotary and its retention by the attorney for the plaintiff were insufficient to continue the lien of said municipal claim.

Under section 15 of the Act of May 16, 1923, P. L. 207, the claim would remain a lien only if "a writ of scire facias . . . be issued to revive the same, within each period of five years following — (a) the date on which said claim was filed". It is conceded this was not done. However, plaintiff's counsel relies upon the provisions of the later Act of May 22, 1933, P. L. 923, which stipulates:

"Whenever any city of the third class has heretofore filed in the office of the prothonotary of the proper county any municipal claim or claims, and such city has not, within the period of five years after the date on which any such claim was filed, sued out a writ of scire facias to reduce the same to judgment, then, in any such case, any such city may, within three months after the passage and approval of this act, issue its præcipe for a writ of scire facias on any such municipal claim and proceed to judgment in the manner provided by law to obtain judgments upon municipal claims; and such judgment shall be a valid judgment and be a lien upon the real estate upon which it was a lien at the time it was filed, and said judgment may be revived and collected as other judg-

ments upon municipal claims are revived and collected: Provided, however, That the lien of any such judgment shall not reattach against any real estate transferred to any purchaser during the time when the lien of any such municipal claim was lost, nor shall the lien of any such judgment impair or affect the priority of the lien of any mortgage or other lien which gained priority because of the failure of the city to sue out the writ of scire facias within the five year period or was entered of record during the time the lien of such municipal claim was lost."

The præcipe for the writ of sci. fa. was filed within 3 months after the passage of the act. Passing the question of the constitutionality of the act which has not been argued, but which we think is gravely doubtful: City of Philadelphia v. Haddington M. E. Church, 115 Pa. 291; the controlling question is whether the sci. fa. was "issued" within the meaning of said term as used in the act. Concededly there was no delivery of the writ to the sheriff for service until after the property had been transferred to the Bialeks.

In John's Estate, 253 Pa. 532, it was held that a writ of sci. fa. to revive a judgment was not "sued out" or "issued" when, in pursuance of a præcipe, the writ was prepared by the prothonotary, marked filed, indexed and docketed, but remained in the prothonotary's office and was never delivered to the sheriff for service, and that such a writ did not continue the lien of the judgment.

In this case Chief Justice Brown said, at page 535:

"The mere preparation of the writ of scire facias, the filing of the same and docketing it were but necessary preliminaries to its being sued out: Hock's App., 1 Pitts. Rep. 325. This is the only one of our cases which seems to hold that the mere preparation and filing of the writ are not the 'suing out' of it, as a process to continue the lien of a judgment. Nothing is to be found in any of our cases sustaining the contention of the appellant. With its writ lying dead in the office of the prothonotary until

more than five years had expired from the day its judgment was entered, it was as ineffectual to continue the lien of the same as if the prothonotary had never prepared it. This is the simple situation, which cannot be made clearer by any extended discussion. The writ to revive must actually go out, within five years, to someone with authority to serve it. If not so sent out within that period, it becomes dead process in the hands of the official who retains it in his possession. The writ in this case never went out to any one. That it must actually go out and be placed in the hands of the sheriff, if it is to be regarded as sued out and issued, has been distinctly held in many jurisdictions." To the same effect is Borough of Archbald v. Cummings, 31 Lack. Jur. 41.

In the later decision of Gibson v. Pittsburgh Transportation Co., 311 Pa. 312, our Supreme Court held that an action in trespass had been brought within 1 year after death when the præcipe for summons had been filed in the office of the prothonotary, the writ paid for, and the case properly indexed and docketed, even though the writ had not left that office until after the expiration of the statutory period. A reading of this decision indicates that the Supreme Court did not modify the rule laid down in John's Estate, supra. In this connection, Chief Justice Frazer, at page 314, used the following language:

"Our decision in John's Est., 253 Pa. 532, is not conclusive, 'for the question there raised was whether or not a writ of sci. fa. to revive and continue the lien of a judgment on real estate had been "issued" or "sued out" within the meaning of the Act of March 26, 1827, P. L. 129, and its supplement of June 1, 1887, P. L. 289': Ledonne v. Commerce Ins. Co., supra, page 4. The question before us now is whether an action has been 'brought' within one year after death under the Act of 1855, supra, when the præcipe for summons has been filed in the office of the prothonotary, the writ paid for, and the case properly indexed and docketed."

If the decision in John's Estate is to be modified or overruled, such action will have to be taken by the Supreme Court. The decision is binding upon us.

Counsel for plaintiff has urged that as the petitioner no longer owns the property against which the claim was filed, he has no standing to make the present application. True, as plaintiff urges, the proceeding is one in rem and the present owners might intervene as party defendants and prosecute the present rule. However, the petitioner was named by the city as party defendant when the lien was filed. It is admitted the property was conveyed by deed of general warranty. If the purchaser is compelled to pay the amount of the lien he could recover same from the grantors: Taylor v. Allen, 60 Pa. Superior Ct. 503. It follows that the petitioner has standing to urge a fatal defect in the lien.

Rule to show cause why the præcipe for the writ of sci. fa. and also the writ of sci. fa. in the hands of the prothonotary should not be stricken from the record, is made absolute.