## M'Clure *versus* M'Clure.

1. The plaintiff claims for several years' rent, and is entitled to recover for all falling due within six years before suit brought, although this allows a recovery for an occupation commencing nearly seven years before.

2. The plaintiff's action commences with the issuing of his writ, and the defendant's from the entry of his plea of set-off; and the statutory limitation is computed from these dates.

ERROR to the District Court of *Allegheny county*.

The defendant here, but plaintiff below, brought an action of trespass on the case for the use and occupation of two undivided tenth parts of a tract of land. The declaration did not allege, nor did the plaintiff prove any contract but the implied one, arising between tenants in common, from the defendant below, having occupied the land of plaintiff. The affidavit of plaintiff claims rent—

| | | | | |
|---|---|---|---|---|
| April 1, 1846, to April 1, 1847, | - | - | - | $26.66 |
| "  " 1847,     "  " 1848, | - | - | - | 40.00 |
| "  " 1848,     "  " 1849, | - | - | - | 40.00 |
| "  " 1849, to Dec. 29, 1849, | - | - | - | 30.00 |
| | | | | $136.66 |

This, with some $35 interest, made up the claim of plaintiff, when suit was commenced, February 3, 1853.

The defendant filed a book account, commencing April 15, 1843, and ending May 30, 1847, and pleaded *non assumpsit, non assumpsit infra sex annos*, set-off, payment, &c., March 3, 1853.

The plaintiff put in a replication to defendant's set-off, of *non assumpsit, non assumpsit infra sex annos*, &c.

On the trial of the cause in the court below, the court was asked by defendant's counsel to charge the jury: "That the fact of the last eight or ten items of defendant's book account, being within six years of the time of plea pleaded, preserved the entire account from the bar of the statute, inasmuch as the claim of the plaintiff to recover rent, was such a mutual account on her part, as to save the running of the Statute of Limitation."

[M'Clure *v.* M'Clure.]

This instruction the court refused to give, and told the jury they could only allow the few items in said account, falling within six years of the time of plea pleaded; and this forms the assignment of error in this case.

For plaintiff in error it was contended, that the accounts were mutual, and that inasmuch as there were some items charged within six years of the bringing of the suit, that this prevents the operation of the statute as to all: and reference was made to *Lowber* v. *Smith*, 7 Barr, 383; 19 S. & R. 382; *Cathing* v. *Scoulding*, 6 T. R. 189; *Vanswearingen* v. *Harris*, 1 W. & S. 359; *Tompson* v. *Hopper*, 1 W. & S. 468; *Cogswell* v. *Dolliver*, 2 Mass. 217; *Chamberlain* v. *Culver*, 9 Wend. 126; *Davis* v. *Smith*, 4 Greenleaf, 337.

*Hasbrouck*, for defendant in error, referred to *Witherup* v. *Hill*, 9 S. & R. 11.

The opinion was delivered November 15, 1855.

PER CURIAM.—This is not a case of mutual accounts between merchant and merchant, and therefore it was rightly held that all the items over six years old are barred by the statute. This relates to the defendant's set-off. The plaintiff claimed for several years' rent, and could of course recover for all rent falling due within six years before suit brought. True, this allows the plaintiff to recover for an occupation commencing nearly seven years before; and this is right, if there was an agreement for a rent payable annually; and this we must presume, from the defective state of our paper-book. The plaintiff's action commences with the issuing of the writ, and the defendant's from the entry of his plea of set-off, and the statutory limitation is computed from these dates.

Judgment affirmed.

LEWIS, C. J.—The answer to the second point was erroneous as an abstract principle, but the claim of the plaintiff was for rent, all of which became due within six years, and the error was therefore immaterial. With this explanation, I concur in the judgment of affirmance.