Ledonne, Appellant, *v.* Commerce Insurance Co.

Argued January 25, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

2

*Milton J. Kolansky,* with him *Kaufman & Mattes,* for appellant.—The facts show a commencement of the suit within the twelve month limit: Thomas v. Hopkins, 2 Browne 145; Schollers v. Lesher, 1 Dallas 411; Hertzog v. Ellis, 3 Binney 209; McClure v. McClure, 1 Grant 222; Hemphill v. McClimas, 24 Pa. 367; Caldwell v. Heitshu, 9 W. & S. 51; Bell's App., 115 Pa. 88; Pennock v. Hart, 8 S. & R. 370; McClurg v. Fryer & Anderson, 15 Pa. 293; Murta v. Reilly, 274 Pa. 584; Horn v. R. R., 274 Pa. 42; Garvin v. Coke Co., 278 Pa. 469; Bovaird & Seyfang Co. v. Ferguson, 215 Pa. 235; Hudson v. Carey, 11 S. & R. 10; John's Est., 253 Pa. 532.

*John Memola,* for appellee.—A suit or action to recover a claim is not sued out or commenced until the summons passes from the hands of the prothonotary to the sheriff to be executed: Golden v. Greenberg, 73 Pittsburgh L. J. 792; Schlosser v. Lesher, 1 Dallas 411; Lynn v. M'Millen, 3 P. & W. 170; Curciers's Est., 28 Pa. 261; Bovaird & Seyfang Co. v. Ferguson, 215 Pa. 235; Peeling v. R. R., 12 Pa. D. & C. 765; John's Est., 253 Pa. 532; Com. Tr. Co. v. R. R., 71 Pitts. L. J. 619.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 14, 1932:

On June 4, 1929, plaintiff took out a policy of insurance with defendant company insuring her against loss

by fire to an amount not exceeding $2,500 on her dwelling house situated in Fell Township, Lackawanna County. Her statement averred that on November 24, 1929, the dwelling was destroyed by fire, whereupon plaintiff gave notice of her loss to the insurance company, and the latter refused and continues to refuse to pay her claim under the policy. The insurance policy contained a clause providing: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the claimant shall show compliance with all the requirements of this policy, nor unless commenced within twelve months next after the fire." The sole question for consideration is whether plaintiff "commenced" her suit in assumpsit within the prescribed twelve months' time.

November 8, 1930, plaintiff, by her counsel, filed a præcipe for a summons in assumpsit which was delivered to him on the same day. December 12, 1930, the summons and statement of claim were handed to the sheriff by the attorney for service which he made December 15, 1930, in due time before return day of the writ. Defendant moved to non pros the action on the ground that suit had not been commenced within the twelve months. The court granted the non pros and this appeal followed. It was the theory of defendant and the court below that plaintiff's suit cannot, in law, be said to have "commenced" until the sheriff was handed summons for service.

When considering a clause almost identical with the above, quoted in Everett v. Niagara Ins. Co., 142 Pa. 322, 323, 329, we held such restrictions in insurance policies to be valid and affirmed their enforcibility. In the present case, however, plaintiff commenced her suit within the time limitation. The word "commence" means "to demand something by the institution of process in a court of justice......an action is 'commenced' when it is 'brought' ": Black's Law Dictionary, 2d edition, page 220. In Bovaird & Seyfang Mfg. Co. v. Ferguson, 215

Pa. 235, 237, we said: " 'The action begins, not with the date of the præcipe, but with the issue of the summons or capias. Its commencement is not postponed to the time when service of the writ is effected,' " citing Trickett's Pa. Law of Limitations, page 228. Webster defines the word "commence," "to perform the first act of." See Bridges v. Koppelman, 63 Misc. R. 27, 117 N. Y. S. 306, 312. The first legal act of the suit here was to cause the prothonotary to docket the case and issue the writ. "Plaintiff's action commences with the issuing of the writ": McClure v. McClure, 1 Grant 222, 223. " 'An action of assumpsit must, of course, be commenced by the issuance of a summons' ": Murta v. Reilly, 274 Pa. 584, 587. "The commencement of the proceedings must, therefore, be referred to the issuing of the original scire facias": Pennock v. Hart, 8 S. & R. 369, 380. The above authorities of this court, and many others, indicate that an action is deemed to have commenced when, after præcipe is filed with the prothonotary, that official, taking the first legal step on behalf of the court he represents, issues the writ of summons or other process and delivers it to a proper person so that it passes from the former's control and is in the way of being served. Here the summons was drawn by the prothonotary and delivered to plaintiff's counsel November 8, 1930, a date within the twelve months' period. Plaintiff's attorney received the writ and was a proper person to receive it. There is no question of abandonment, for within the prescribed return time, the writ was turned over to the sheriff for service and was served. John's Est., 253 Pa. 532, followed by the court below, has no application here, for the question there raised was whether or not a writ of sci. fa. to revive and continue the lien of a judgment on real estate had been "issued" or "sued out" within the meaning of the Act of March 26, 1827, P. L. 129, and its supplement of June 1, 1887, P. L. 289, when in fact, although prepared, the writ had never left the prothonotary's hands. Inasmuch as it remained under

that officer's control and had not been placed in the way of being served, it was, in law, unissued. In the present case, the facts show a complete commencement of the action by the issuance and delivery of the writ to a proper person by the prothonotary within twelve months immediately following the fire. Plaintiff's attorney, an officer of the court, received it for the ultimate purpose of service. The record fails to disclose any act or omission on the part of either plaintiff or her attorney tending to indicate a lack of bona fide intent upon their part to turn over the writ to the sheriff for making service previous to return day, or such failure actually to do so as would bring about legal abandonment of the suit already commenced. Under these facts, when the prothonotary placed the summons in the hands of plaintiff's attorney, the suit was commenced. It was never abandoned. Our decision upon the above point renders discussion of the other matters argued unnecessary.

The judgment of non pros. is reversed and the case remitted to the court below with a procedendo.