## Gibson, Appellant, *v.* Pittsburgh Transportation Co.

Argued March 29, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John J. Laffey,* for appellant.

*J. R. Dickie,* of *Dickie, Robinson & McCamey,* with him *William W. Matson,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, May 1, 1933:

Plaintiff appeals from judgment of non pros. entered by the court below in an action of trespass brought by Catherine Gibson to recover damages for the wrongful death of her father from injuries sustained when struck by a taxicab owned and operated by defendant company. The action of the lower court was based on the ground that the statute of limitations had run, inasmuch as the action was not brought within one year of the death of plaintiff's father as required by the Act of 1855, P. L. 309, section 2.

The accident occurred on May 7, 1931, and decedent died later the same day. On May 7, 1932, counsel for plaintiff filed a statement of claim together with a præcipe for writ of summons in trespass, paid the required fee to the prothonotary, and thereupon the case was duly docketed. The writ was not, at the time, lifted by plaintiff's attorney and delivered to the sheriff's office, and did not reach the latter office until several days after May 7th. The only indication from the record of the time the summons was received by the sheriff is his return showing service on an officer of defendant company May 15, 1932. The sole question presented for our consideration is whether the action was "brought" within one year after the death of plaintiff's decedent, as required by the Act of 1855, supra, by filing the præcipe for writ of summons and statement of claim and entry in the office of the prothonotary, even though the writ

did not leave that office until after expiration of the statutory period.

The period of one year permitted by the act had not terminated on May 7, 1932, as the rule for computing the time within which the action may be brought excludes the day from or after which the count is to be made: Menges v. Frick, 73 Pa. 137; Edmundson v. Wragg, 104 Pa. 500; Scheibner v. Baer, 174 Pa. 482. The narrow issue is whether a writ of summons must leave the prothonotary's office on its way to the sheriff before an action may be said to have begun. In Ledonne v. Commerce Ins. Co., 307 Pa. 1, we held that where a præcipe for summons in assumpsit had been filed and the writ handed to plaintiff's attorney before the statutory period had expired, the action had commenced (within the meaning of the clause of the insurance policy on which suit was entered) although the summons was not delivered to the sheriff for service until more than a year from the time the cause of action accrued. In that case we said (page 4) : "The first legal act of the suit here was to cause the prothonotary to docket the case and issue the writ." Appellee relies strongly upon language in the Ledonne case indicating that a writ may not be said to issue until it has passed from the control of the prothonotary "and is in the way of being served." This statement, however, must be read in connection with the facts to which it was applied and cannot be controlling here. Likewise, our decision in John's Est., 253 Pa. 532, is not conclusive, "for the question there raised was whether or not a writ of sci. fa. to revive and continue the lien of a judgment on real estate had been 'issued' or 'sued out' within the meaning of the Act of March 26, 1827, P. L. 129, and its supplement of June 1, 1887, P. L. 289": Ledonne v. Commerce Ins. Co., supra, page 4. The question before us now is whether an action has been "brought" within one year after death under the Act of 1855, supra, when the præcipe for summons has been filed in the office of the prothonotary, the writ paid for,

and the case properly indexed and docketed. Counsel for appellee has called to our attention several cases from the lower courts and other jurisdictions in which it has been held that an action cannot be said to have commenced or to have been brought until the process has been put in course of delivery for the purpose of service. In the absence of statutory restriction to the contrary, we cannot agree that reason or common sense requires such interpretation, and we accordingly hold that under the facts of this case the action was begun within the statutory period. To hold otherwise would subject plaintiffs to the risk of having their suits non prossed by failure of the writ to reach the sheriff before expiration of the allotted time due to the negligence of the prothonotary or other clerk entrusted with the writ. Having filed a præcipe for summons, a litigant has set in motion the machinery of the court, "brought" his action, and should not be deprived of the benefit to be gained thereby.

The judgment of the court below is reversed and the record remitted with a procedendo.