Teachout Co., Appellant, *v.* Pittsburgh Parking Garages, Inc.

Argued April 27, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*A. H. Rosenberg,* for appellant.

*Wayland S. Bowser,* for appellee.

OPINION BY BALDRIGE, J., July 13, 1934:

The question before us in this appeal is whether an

action of assumpsit before an alderman is brought, so as to prevent the running of the statute of limitations, when a complaint is filed, or when the writ of summons is issued. The Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, §2 (42 PS. §422), provides as follows: "The said justices are hereby respectively empowered and required, upon complaint being made to any of them touching any such demand as aforesaid, to issue a summons ...... directed to the constable ...... commanding him to cause the said defendant to appear," etc.

The plaintiff, by a "praecipe," dated June 10, 1933, directed an alderman to issue a summons in assumpsit. The so-called praecipe was properly considered as a "complaint." A summons was not issued until June 19, 1933. The last day on which suit could be begun, so as not to be barred by the statute of limitations, was June 12, 1933. The lower court held that the statute of limitations began from the date of the issuance of the summons and not from the date the complaint was made. With that conclusion we agree. It is expressly so ruled in Bovaird & Seyfang Co. v. Ferguson, 215 Pa. 235, 237, 64 A. 513. There the Supreme Court quoted, with approval, the following from Trickett's Penna. Law of Limitations, 227: "The action begins, not with the date of the praecipe, but with the issue of the summons or capias."

The appellant relies chiefly on the case of Gibson v. Pittsburgh Trans. Co., 311 Pa. 312, 166 A. 842, which was an action to recover damages for the death of the plaintiff's father on May 7, 1931, as a result of an accident on that day. On May 7, 1932, counsel for plaintiff filed a statement of claim, together with a praecipe for summons in trespass, paid the required fee to the prothonotary, and, thereupon, the case was duly docketed. The writ was not lifted, however, by plaintiff's attorney, nor was it delivered to the

sheriff's office, until several days after May 7th. The court held that as the case was docketed, it could not be said that the writ had not issued because it had not passed out of the control of the prothonotary.

It was held in Ledonne v. Commerce Ins. Co., 307 Pa. 1, 160 A. 612, where a praecipe for summons in assumpsit had been filed and the writ handed to the plaintiff's attorney before the statutory period had expired, that the action had commenced within the meaning of the clause of the insurance policy on which the suit was entered, although the summons was not delivered to the sheriff for more than one year from the time the cause of action had accrued.

In the above-cited cases, the actions were actually instituted, records made thereof, and writs issued. In the case at bar, there was no entry in the alderman's docket, nor was there any other record, of a suit. The writ of summons was not issued until after the statute of limitations had run. The parties so stipulate in their agreement of the facts. A complaint, which may be either oral or in writing, is a direction to the magistrate to bring suit. Until he acts by issuing a writ, there is no pending action. If we accept the proposition that a suit is instituted when complaint is made, and the complaint is not in writing, it is readily conceivable that a dispute of fact might arise whether the action was brought before or after the statute of limitations had run. The determination of that question would then depend, not upon the record, but upon oral testimony—a situation that ought to be avoided if possible.

Judgment entered in favor of the defendant by the learned court below is affirmed.