## Luzerne National Bank *v.* Gosart et ux., Appellants.

Argued April 14, 1936.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*E. C. Marianelli,* with him *J. S. Russin,* for appellants.

No appearance was made, nor brief filed for appellee.

OPINION BY MR. JUSTICE BARNES, June 26, 1936:

Defendants filed a petition in the court below for a rule to open a judgment entered against them in pro-

ceedings to revive the lien of an earlier judgment. An answer was filed by plaintiff and depositions taken. The court below refused to open the judgment and discharged the rule granted on the petition. Defendants have appealed.

The original judgment was entered on September 28, 1928, upon a note signed by both defendants, as husband and wife. On September 15, 1933, plaintiff's attorney filed a præcipe for a writ of scire facias to revive this judgment, and received the writ from the prothonotary the same day. On the day following he endorsed an acceptance of service upon the back of the writ and mailed it to the defendants for signature. Subsequently, but after September 28, 1933, defendants' attorney returned the writ to the attorney for plaintiff, the names of both defendants being signed to the acceptance of service. After a delay caused by an attempt to adjust the matter amicably, on June 14, 1934, judgment of revival was entered by default; and plaintiff's damages assessed in the amount of $15,600. Execution against the real estate of defendants was issued upon this judgment on November 7, 1934, but the day before the sale defendants presented this petition to open the judgment.

In the depositions taken by the parties upon the rule granted to open the judgment, defendants denied that either of them had signed the acceptance of service of the writ, or that they had authorized anyone to sign it upon their behalf. They admitted that they retained an attorney to represent them in the transaction, but did not call him to corroborate them. They also admit that the question of a settlement of the judgment against them was discussed both with their attorney and with plaintiff's attorney. The court below did not credit their testimony and discharged the rule.

The first contention urged upon us by this appeal is that the judgment lost its lien because it had not been properly revived within five years from the date of its entry, in accordance with the Act of June 1, 1887, P. L.

289. The argument is opposed to well settled principles. The Act of 1887 requires only that the writ of scire facias "be sued out" or "issued" within the five years. In this case a præcipe was filed with the prothonotary, and that officer immediately prepared the writ and delivered it to plaintiff's attorney. This was a sufficient issuance and delivery of the writ. In *Ledonne v. Commerce Insurance Co.*, 307 Pa. 1, we held, (page 4) "an action is deemed to have commenced when, after præcipe is filed with the prothonotary, that official, taking the first legal step on behalf of the court he represents, issues the writ of summons *or other process* and delivers it to a proper person so that it passes from the former's control and is in the way of being served." Under section 14 of the Act of July 9, 1901, P. L. 614, service may be accepted by the defendant or his counsel, and when plaintiff's attorney took the writ from the prothonotary in order to procure service by acceptance, the writ was "sued out" or "issued" within the meaning of the Act of 1887.

The second contention of defendants is that the service of the writ of scire facias was defective in that the acceptance of service was not their act. The court below found that this contention was not sustained by the testimony. We see no reason to disturb this finding. An application to open a judgment is addressed to the sound discretion of the court below and its action thereon will not be reviewed except to correct an abuse of discretion: *Krall v. Lebanon Valley Savings & Loan Assn.*, 277 Pa. 440; *Warren Savings Bank & Trust Co. v. Foley*, 294 Pa. 176; *Helzlsouer v. Golub*, 306 Pa. 474.

The order appealed from is affirmed, costs to be paid by appellants.