## Werner et al. v. Clingerman

*Joseph A. Beck* and *Bowman & Bowman,* for plaintiffs.
*F. J. Templeton* and *C. P. Humer,* for defendant.
*Robert Lee Jacobs,* for sheriff.

REESE, P. J., April 27, 1937.—On August 14, 1934, the minor plaintiff, Mary Jane Werner, was injured in an automobile accident in this county. On August 4, 1936, an action in trespass was instituted to no. 307, September term, 1936, by her and her father against defendant, by the filing of a præcipe and the issuance of a writ of summons. Defendant being a resident of the State of Maryland, the sheriff sought to make service upon him under the provisions of the Act of May 14, 1929, P. L. 1721, as amended by the Act of April 24, 1931, P. L. 50, and the Act of May 16, 1935, P. L. 174, 75 PS §1201. Thereafter defendant appeared de bene esse and upon his petition a rule was granted to set aside the service of the summons and the sheriff's return. This court, on December 1, 1936, filed an opinion, Werner et ux. v. Clingerman, 28 D. & C. 200, finding the service defective and improper and making the rule absolute.

Subsequently, on January 30, 1937, plaintiffs filed a præcipe for an alias summons to alias no. 195, February term, 1937, which was on the same date issued by the prothonotary and which, according to the sheriff's return thereon, was apparently properly served on defendant under the provisions of the Act of 1929 and its amendments.

Defendant again appeared de bene esse and filed a petition for a rule for judgment of non pros, which is now before us. It is the contention of defendant that the original summons, not having been properly served, is a nullity and that therefore the action was not commenced until the issuance and service of the alias summons, which occurred more than two years after the cause of action arose, and that hence the action is barred by the statute of limitations.

The Act of March 27, 1713, 1 Sm. L. 76, 12 PS §31, provides that, depending on the nature of the action, suit must be brought within six years, two years or one year after the cause of action arose, "and not after"; and section 2 of the Act of June 24, 1895, P. L. 236, 12 PS §34,

provides that for personal injuries not resulting in death the action "must be brought within two years from the time when the injury was done and not afterwards".

An action is "brought", "commenced" or "instituted" within the statutory period if, before the expiration of the period fixed by the statute of limitations, a præcipe is filed and the summons is issued, even though the summons may not be served until after the expiration of the statutory period: Teachout Co. v. Pittsburgh Parking Garages, Inc., 113 Pa. Superior Ct. 589; Ledonne v. Commerce Ins. Co., 307 Pa. 1; Gibson v. Pittsburgh Transportation Co., 311 Pa. 312; Luzerne National Bank v. Gosart et ux., 322 Pa. 446; " 'Its commencement [of an action] is not postponed to the time when service of the writ is effected' ": Ledonne v. Commerce Ins. Co., supra.

It follows, therefore, that, since the original summons in the present case was issued and service attempted before the expiration of the statutory period, the action was "brought" or "commenced" before it was barred by the statute of limitations. An examination of the decisions of our Supreme Court justifies the conclusion that the institution of the action tolled the statute, and the continuance of the action continued the tolling, and that plaintiffs could properly continue the original action by issuance of an alias summons within a period equal to the statutory period after the issuing of the original summons.

This conclusion is amply supported by Bovaird & Seyfang Mfg. Co. v. Ferguson, 215 Pa. 235, 237, where the court said:

"When the original summons was issued the statute had not run against the plaintiff's claim. The institution of the suit tolled it, and the continuance of the suit continued the tolling. If the suit had been abandoned at any time after the expiration of six years from the time the cause of action arose, the statute would have become a bar. The institution of an independent second suit would have been an abandonment of this one, and if such suit

had been instituted after six years had expired from the maturity of the notes, the statute would have barred a recovery in it; but no new suit was instituted and the present one was never abandoned. It was continued in the only way it could have been continued to keep on tolling the statute after the sheriff had failed to find the defendant, and that was by issuing an alias summons. This alias was not the inception of a new suit, but a continuance of the original process, tolling the statute."

In Prettyman v. Irwin, 273 Pa. 522, it is clearly indicated that where an action is properly commenced within the statutory period by the issuance of a summons plaintiff may continue such action if an alias summons is issued within the same time after the original summons as is allowed for the commencement of the action. Again, in Murta et al. v. Reilly, 274 Pa. 584, 586, the court said:

". . . . an action is pending from the time of the impetration of the writ, whether served or not; continues thereafter for the period provided by law for the commencement of such a suit; and will not expire so long as the statutory period does not elapse between the issuing of the original or any succeeding writ and the one which follows it".

In Rees v. Clark, 213 Pa. 617, 620, the court said:

"As the legislature has prescribed the term for the commencement of a suit, to bar the statute, we are of the opinion that both reason and authority require that in order to continue the action and prevent the defendant from claiming the protection of the statute, an alias writ should be issued within a like period from the date of the original summons."

But defendant contends that to justify the conclusion reached by us the original summons must have been returned non est inventus or nihil habet, and cites as authority Bovaird & Seyfang Mfg. Co. v. Ferguson, supra. But the language relied on is, at pages 237, 238:

"The action begins, not with the date of the præcipe, but with the issue of the summons or capias. Its com-

mencement is not postponed to the time when service of the writ is effected. Nor is it necessary that the writ whose issuance is the beginning of the action should be served at all. But it must be returned non est inventus or nihil habet, or otherwise; if not so returned it will be considered abandoned. When returned nihil habet or non est inventus, the action may be continued by the issue of an alias, or, after an alias, by a pluries writ [within the statutory period after the preceding writ]."

The foregoing excerpt does not sustain the contention of defendant that, since the original summons was not returned nihil habet or non est inventus, the alias summons and not the original must be deemed to be the commencement of the action. What the foregoing excerpt meant was that where an original summons was issued within the statutory period an alias issued thereafter will continue the action if there has been no abandonment of the original summons or of the action commenced thereby, and that if the original summons is not returned "non est inventus or nihil habet, or otherwise" it will be considered abandoned.

The original summons herein was not returned nihil habet or non est inventus, but it was returned "otherwise", i. e., by showing an attempted service thereof which proved to be defective and improper. Certainly such a return does not show an abandonment. If a return of nihil habet or non est inventus shows nonabandonment, it must be because such a return shows that the summons was placed in the sheriff's hands and an effort made to serve it which proved futile because the sheriff was unable to find defendant. Accordingly, the return in the present case does not show an abandonment. The summons was placed in the sheriff's hands and he made an effort to serve it which proved futile because the sheriff did not follow the statutory requirements. It was said in Bovaird & Seyfang Mfg. Co. v. Ferguson, supra, at page 239:

"If process can be continued from time to time by deliberately not having an alias or pluries writ served, a

fortiori it ought to be continued when a plaintiff tries to have it served, but cannot because defendant is not to be found."

We may paraphrase this by adding, "or cannot because the sheriff does not follow the statutory requirements of service."

In Gibson v. Pittsburgh Transportation Co., supra, it was held that where a præcipe was filed in the prothonotary's office, the writ paid for, and the case properly indexed and docketed before the expiration of the statutory period, the statute of limitations was not a bar, although the writ did not leave the prothonotary's office until after the expiration of the statutory period. The court said, at page 315:

"To hold otherwise would subject plaintiffs to the risk of having their suits non prossed by failure of the writ to reach the sheriff before expiration of the allotted time due to the negligence of the prothonotary or other clerk entrusted with the writ."

Similarly, in the present case, plaintiffs should not be deemed to have abandoned their original summons or action and be subjected to non pros by failure of the sheriff to make a proper service and return.

We do not regard Guinto v. Philadelphia Fire & Marine Ins. Co., 21 D. & C. 573, and Malaga v. Holmes, 26 D. & C. 647, as contrary to our conclusion in the case at bar. In the first case, the original summons was left in the hands of the prothonotary until after the return day and then handed to the sheriff too late for service and was, therefore, returned "tarde venit". In the second case, the original summons was not served by the sheriff because plaintiff failed to deposit the requisite costs. The court held that this constituted an abandonment of the original action and therefore the alias writ started a new action which was barred by the statute of limitations. Likewise, in the first case cited, we believe that what occurred constituted an abandonment of the original action. We

are confident that the present plaintiffs cannot be charged in any manner with having abandoned their original summons and the action thereby commenced; further, that, such original summons having been issued before the expiration of the statutory period, the action was commenced in proper time. It is apparent from all the cases we have cited that service of the summons has nothing to do with the commencement of an action so far as the statute of limitations is concerned. Therefore the original summons and action could be continued by an alias summons issued within two years after the original summons. Here the alias was issued within six months after the original summons.

In further support of his contention that the original summons, not having been properly served, is a nullity, defendant cites Philadelphia, to use, v. Cooper, 212 Pa. 306, and City of Scranton v. Genet et al., 232 Pa. 272. Each case construes and applies the current legislation relating to enforcement of municipal claims, or liens, the first case dealing with the Acts of May 4, 1889, P. L. 79, March 29, 1867, P. L. 600, and June 10, 1881, P. L. 91, the second case with the Act of June 4, 1901, P. L. 364, particularly section 10, which repealed but reënacted many of the provisions of the earlier acts enumerated. All of the legislation required that a sci. fa. issue within five years after filing the municipal claim and that a verdict be recovered or judgment entered on the sci. fa. within five years after it issued. In each case cited a sci. fa. was issued within five years after the municipal claim was filed but was defectively served. Thereupon an alias sci. fa. was issued after such five-year period. Each case held that, since enforcement of municipal claims rests not on contract but purely on statutes, such statutes must be strictly construed and rigidly followed; that the sci. fa. provided for was not for the purpose of renewal of the lien filed but for enforcement of the claim filed and must be so prosecuted as to support a subsequent judgment

thereon; that such judgment could only be validly supported by a sci. fa. issued within the five-year period and properly served; and that a valid judgment could not find support in an alias sci. fa. issued after the five-year period. The legislation did not permit an alias sci. fa. except to revive a judgment properly obtained by due prosecution of the original sci. fa. issued and served in accordance with the statute.

We do not regard these cases as controlling in the present situation. There is a vast distinction between commencing an action before it is barred by the statute of limitations and enforcing a municipal claim. As we have already pointed out, an action is commenced, so far as the statute of limitations is concerned, upon the issuing of the proper writ, whether it is served or not. But under the statutes involved in the cases cited, the reduction of a municipal claim to judgment required not only the issuing of a sci. fa. within a given time but such prosecution thereof by proper service, etc., that it could support the judgment.

The distinction may be described as was a similar distinction in First Pool Gas Coal Co. v. Wheeler Run Coal Co. et al., 301 Pa. 485, 489:

". . . [In the case of the statute of limitations] the statute merely applies to the remedy, the claim remains and may be revived by a new promise; while in the latter there is no right of action unless asserted in accordance with the provisions of the statute."

Gibson v. Pittsburgh Transportation Co., supra, and Ledonne v. Commerce Ins. Co., supra, point out a similar distinction between commencing an action by issuance of a writ so as to toll the statute of limitations and whether or not a sci. fa. to revive and continue the lien of a judgment had been "issued" or "sued out" within the meaning of the statutes relating thereto.

Furthermore, we may point out, as did the Superior Court in Township of Upper Darby v. Bennett, 87 Pa. Superior Ct. 414, and Carless et al. v. McCloskey, 90 Pa. Superior Ct. 209, that section 10 of the Act of 1901, supra,

discussed in City of Scranton v. Genet et al., supra, cited by defendant, was amended by the Act of June 20, 1911, P. L. 1076, 1080, reënacted by section 15 of the existing Act of May 16, 1923, P. L. 207, 53 PS §2035. Under the amendment, a sci. fa. sur municipal claim, issued within five years after the claim is filed, whether properly served or not, continues the lien for an additional period of five years, within which an alias sci. fa. may issue to continue the lien for an additional period of five years. The change in the law is at once apparent and makes the situation precisely analogous to that in the present case. Just as the sci. fa. issued within five years keeps the lien alive for five additional years and the alias sci. fa. continues to keep the lien alive, so here the original summons issued within the statutory period keeps plaintiffs' claim free from the statute of limitations, and an alias summons issued within a like period continues the tolling of the statute.

Lastly, defendant seeks judgment of non pros on the ground that plaintiffs' cause of action is barred by the statute of limitations. It is true that Prettyman v. Irwin, 273 Pa. 522, suggested the practice here adopted by defendant, viz., a petition for a rule for judgment of non pros, but, as pointed out in Peabody v. Carr et al., 313 Pa. 325, such a petition is proper only when it is contended that an original summons and action have not been duly prosecuted by issuance of an alias summons within the statutory period after the original summons. In other words, if defendant's attack is upon plaintiffs' delay in proceeding, e. g., delay in issuing an alias summons, in a suit in which the original writ was issued in time, then defendant is not relying on the statute of limitations, and may file a petition for a rule for judgment of non pros. On the other hand, if, as here, defendant claims the action was not commenced until the alias summons issued, and this after the expiration of the statutory period, he is relying on the statute of limitations, a defense which must be made in an affidavit of defense.

And now, April 27, 1937, the rule for judgment of non pros is discharged.

From Francis B. Sellers, Carlisle.