## Sarver v. Heberling

*Bradshaw, McCreary & Reed*, for plaintiff.
*Swaney & Lucas*, for defendant.

READER, P. J., July 14, 1939.—The above-entitled action is an action of trespass instituted to recover damages arising from an accident occurring on December 26, 1936. The præcipe for summons was filed December 23, 1938, and the summons was issued on that date. The summons is in the usual form, but after the words "there to answer" a blank occurs by reason of the failure to insert the name of plaintiff, Clyde Sarver. The summons was served on defendant by the Sheriff of Beaver County on January 3, 1939. It is stated, and seems not to be disputed, that the copy of the summons served on defendant shows the same omission as that above stated. This copy of the summons, however, is not before us. On January 9, 1939, defendant, by his counsel, presented a motion to strike off the service of summons and to quash the summons. The basis of the motion is the omission of plaintiff's name from the body of the summons above referred to. On January 16, 1939, plaintiff filed a præcipe for an alias summons in the case, and this summons was issued on the same day and was served on defendant on January 19, 1939, by the Sheriff of Beaver County. On January 30, 1939, defendant made a motion to strike off the alias summons and the service thereof. Rules to show cause were awarded upon these motions, and answers to the rules were filed by plaintiff. The motions and rules were

recently argued before the court and are now before us for determination.

The substance of defendant's position is that the omission of the name of plaintiff in the body of the summons renders the summons a nullity, and that for this reason no action was actually instituted within the statutory period of two years, and that therefore the alias summons is also a nullity, there being no action to be kept alive by it.

Counsel for defendant call our attention to certain cases in support of their position. One of these is the case of Cather v. Hess, 10 D. & C. 39. In this case suit was instituted in the Court of Common Pleas of Fulton County by W. E. Cather against Retta Hess. A summons was issued which directed Retta Hess to appear and answer W. E. Carter. The summons was served and return of service made by the sheriff. Later judgment was entered by the prothonotary, on motion of plaintiff's attorney, in favor of W. E. Cather and against Retta Hess for want of an appearance. Later a rule was awarded on petition of defendant to show cause why the judgment should not be opened and defendant let into a defense. The judgment by default was stricken off by the court. The court considered other questions than that of the error in the summons in reaching its conclusions, and it based its action upon what it calls the irregularity in summons as well as upon other grounds. The case does not decide that the summons was a nullity by reason of the error which appeared on its face, and the effect of the court's order was not to quash the summons and terminate the proceedings, but simply to strike off the default judgment. In any event we think this case is clearly distinguishable from the one before us in that it calls upon defendant to answer a person as plaintiff who was not the person by whom the action was brought, and who appears elsewhere in the record as plaintiff. In view of our discussion and conclusions later in this opinion we think the defect in this summons could have been amended. That question, however, was not brought to the attention of the court.

In the case of Spector et al. v. Northwestern Fire & Marine Ins. Co., 285 Pa. 464, plaintiff brought action to recover upon fire insurance policies. The action was brought in the Court of Common Pleas of Philadelphia County; the property destroyed by fire and covered by the policies sued upon was located in New Jersey; the writ was served on the Insurance Commissioner at Harrisburg, and defendant moved to set aside the service. It also raised the question of jurisdiction in its affidavit of defense. The Supreme Court abated the writ of summons, thus terminating the action. It based its action upon the conclusion that the service of the writ does not come under The Insurance Company Law of May 17, 1921, P. L. 682, because that act, insofar as it attempted to regulate the service of writs of summons on insurance companies, was unconstitutional; and upon the further conclusion that under the Act of July 9, 1901, P. L. 614, the action could not be maintained in Philadelphia County and service obtained on the Insurance Commissioner in Dauphin County because the insurance was not effected in, and the insured property at the time of the loss was not in, Philadelphia County. It is not necessary to discuss this case in detail; enough has been said to show that it involved questions entirely different from those presented in the instant case. Of course, if the summons in the instant case were a nullity the action should be abated, as was done in the case last cited. The case, however, does not decide that the summons in the instant case is a nullity. The Spector case was again before the Court of Common Pleas of Philadelphia County, and is reported in 8 D. & C. 510. In abating an alias summons and setting aside the service of it the Philadelphia court simply followed the decision of the Supreme Court above referred to. We are satisfied that none of these cases throws any light upon the case now before us.

Counsel for plaintiff have called to our attention the numerous cases which in effect hold that an action is

brought, commenced, or instituted so as to bar the running of the statute of limitations when a præcipe is filed and the summons is issued, even though the summons may not be actually served until after the expiration of the statutory period. Some of these cases hold that where the summons is issued and delivered to counsel for plaintiff for the purpose of delivery to the sheriff for service, the action has been instituted within the meaning of the law by the issuing of the summons and delivering it to the attorney. Among the cases cited are Teachout Co. v. Pittsburgh Parking Garages, Inc., 113 Pa. Superior Ct. 589, Ledonne v. Commerce Ins. Co., 307 Pa. 1, Gibson v. Pittsburgh Transportation Co., 311 Pa. 312, and Luzerne National Bank v. Gosart et ux., 322 Pa. 446.

In the Gibson case it was held that where the præcipe was filed in the prothonotary's office, the writ paid for, and the case properly indexed and docketed before the expiration of the statutory period, the running of the statute was suspended although the writ did not leave the prothonotary's office until after the expiration of the statutory period. The court said (p. 315):

"To hold otherwise would subject plaintiffs to the risk of having their suits non prossed by failure of the writ to reach the sheriff before expiration of the allotted time due to the negligence of the prothonotary or other clerk entrusted with the writ." We think there is no question as to the principle thus stated.

Counsel for plaintiff also call to our attention the rule, and the cases supporting it, to the effect that where the action has been so instituted in time to prevent the running of the statute it may be continued effectively by the issuing of an alias summons within the statutory period from the impetration of the original writ. There is no question that this is the rule of the law. The latest case in support of this rule which has come to our attention is that of Mayo v. James Lees & Sons Co., 326 Pa. 341. This case cites numerous other cases to the same effect. See the recent case of Werner et al. v. Clingerman, 29 D. & C. 447.

If it were necessary to preserve plaintiff's right of action we think the case might well be decided upon the basis of the rules last referred to and the decisions cited. We are of the opinion, however, that the case may be decided upon more satisfactory grounds.

The record of the instant case at no. 52 March term, 1939, as found in the appearance docket in the prothonotary's office, shows that the case is entered with Clyde Sarver named as plaintiff and Vincent Heberling named as defendant. The writ of summons which was originally issued and served is endorsed with the said number and term, and with the names of plaintiff and defendant as stated. We are of the opinion that with these entries upon the summons itself the omission of the name of plaintiff in the body of the summons does not nullify it; the action is fully identified by a consideration of the summons as a whole. That defendant had no difficulty in identifying it is evident from the fact that within six days after the service of the summons he made his motion to strike off the service and to quash the summons. We think it would be a very grave defect in the law if the right of action of plaintiff could be defeated by what is apparently a mere clerical error, and a substantially harmless one. We are satisfied, however, that the law has not failed to provide a remedy for such mistakes. Section 2 of the Act of May 4, 1852, P. L. 574, 12 PS §533, reads as follows:

"All actions pending, or hereafter to be brought in the several courts of this Commonwealth, and in all cases of judgment entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff, or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

Many cases are to be found in which this statute has been applied in amending proceedings in various respects. The rule of the law is that such amendments may be made

at any time, provided that they may not be made after the running of the statute of limitations if the effect of the amendment is to introduce a new cause of action or a new party in such manner as to prejudice the rights of the opposite party.

In the case of Holmes v. Pennsylvania R. R. Co., 220 Pa. 189, an action was brought by a father for the death of his son. At the trial it appeared that the mother of the deceased son was also living, and an amendment was permitted adding her as a party. The court, in connection with the question before it, discussed the subject of amendments generally in the following language (pp. 192, 193):

"Amendments have been liberally allowed in furtherance of the object of the statutes to relieve against mistakes of either fact or law and in the interest of justice to secure a trial on the merits. But the well-defined limitation of the right of amendment is that no new cause of action shall be introduced and no new parties brought in after the statute of limitations has become a bar. It was said in Cassel v. Cooke, 8 S. & R. 268, in relation to the cause of action, that 'The true criterion is whether the alteration or proposed amendment is a new or different matter, another cause of controversy, or whether it is the same contract or injury and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint and with his proof and the merits of the case'. This distinction has been observed uniformly in a long line of cases, among the more recent of which are Grier v. Assurance Co., 183 Pa. 334; Garman v. Glass, 197 Pa. 101; Wright v. Copper Co., 206 Pa. 274; Wilkinson v. North East Borough, 215 Pa. 486. While a change of parties that involves a substantial change in the cause of action will not be allowed, as the substitution of the heirs of a decedent for the administrator of his estate: Wildermuth v. Long, 196 Pa. 541; or the substitution of a widow as adminis-

tratrix as plaintiff in an action she had brought in her own right: La Bar v. Railroad Co., 218 Pa. 261; still where the rights of a party are liable to be defeated by having joined too few or too many as plaintiffs or defendants, amendments that would deprive the opposite party of no right have been allowed: Booth v. Dorsey, 202 Pa. 381.

"The amendment allowed in this case placed on the record as plaintiffs the persons who were entitled to sue, the right of action being vested by the act of 1855 in both parents. The cause of action remained the same and no change in the allegations or proofs was involved, and the defendant was not in the slightest degree prejudiced by it. Without question a change in the name of partners or the adding of the names of partners omitted by mistake or the name of another administrator or trustee or of a use plaintiff would be allowed after the bar of the statute. The principle on which such amendments are allowed should govern in this case."

In the case of Commercial Credit Co. v. County of Northumberland, 23 Fed. Supp. 747, the caption of the case was amended to conform with certain facts alleged in the statement involving an addition of parties as plaintiffs. In discussing the law as to amendments in Pennsylvania the court said (p. 748):

"The rule that a new cause of action barred by the Statute cannot be introduced by amendment is well settled in Pennsylvania: Wright v. Hart's Administrator, 44 Pa. 454; Andrews v. Marsden, 278 Pa. 56, 122 A. 171, 29 A. L. R. 636. However, under the Act of March 21, 1806, 4 Sm. L. 326, §6, 12 P. S. Pa. §531, and the Act of May 4, 1852, P. L. 574, §2, 12 P. S. Pa. §533, the court may permit at any stage of the proceedings, an amendment changing or adding the names of any party when it appears that a mistake or omission has been made. An amendment may be made under these acts even though the Statute of Limitations has run, provided it does not

change the cause of action originally set forth: Leland v. Firemen's Ins. Co., 127 Pa. Super. 533, 193 A. 475. . . .

"The tendency is to allow such amendments with increasing liberality and to interpret more liberally the technical definitions of the phrase 'a new cause of action' as used here."

In addition to these cases we call attention to the following cases without discussing them. They illustrate the application of the power of amendment to various situations: McGinnis v. The Valvoline Oil Works, Ltd., 251 Pa. 407; Hanlon v. Davis, etc., 276 Pa. 113; Kaufmann's Estate, 293 Pa. 73; Rooney v. Maczko, 315 Pa. 113; Dress v. Schuylkill Ry. Co., 83 Pa. Superior Ct. 149; Sine, for use, v. Waychoff, 123 Pa. Superior Ct. 334; Barrilo et al. v. Frank et al., 116 Pa. Superior Ct. 461; Leland et al. v. Firemen's Insurance Company of Newark, 127 Pa. Superior Ct. 533, and Aiken, to use, v. Mayberry et al., 128 Pa. Superior Ct. 15.

It is true that in no one of the cases cited do we find the facts which are presented in the instant case. We are satisfied, however, that the broad principle established by all of them under the statute is sufficient to justify the amendment of the original summons in this case by adding the name of plaintiff in the body of the summons where it has been omitted, evidently by a mere clerical error. We think the issuing and serving of the alias summons might well be treated as an amendment of the original. However, in order that the matter may be clearly and definitely disposed of, an order will be made amending the original summons by directing the insertion in it of the name of plaintiff where that name was inadvertently omitted.

*Order*

Now, to wit, July 14, 1939, it is hereby ordered, adjudged, and decreed that the original summons issued in the above-entitled case is a legally valid summons, and that the same was legally served; that said summons be

amended by inserting in the body thereof, after the words "there to answer", the name of plaintiff, to wit, Clyde Sarver; that the rule to show cause why the original summons should not be quashed and the service thereof be stricken off is overruled and dismissed; that the rule to show cause why the alias summons and the service thereof should not be stricken off is hereby overruled and dismissed; that defendant is given 30 days from this date within which to enter a general appearance in said action.