## Mayfield Borough School District v. American Surety Company of New York

*Paul Dzwonchyk* and *David J. Reedy,* for plaintiff.
*Welles, Mumford & McGrath,* for defendant.

EAGAN J., December 18, 1944.—Defendant moves for a judgment of non pros in the above case.

The following facts are admitted. The issue is in assumpsit and is based upon a tax collector's bond for the year 1933. Upon præcipe filed the summons issued December 29, 1938. The prothonotary delivered the writ to plaintiff's attorney and he delivered it to the sheriff, but not until March 3, 1944. On that date the writ was returned "tarde venit", and an alias summons issued returnable April 7, 1944. This writ was served March 6, 1944. The statement of claim has not yet been filed. The motion with which we are here concerned was filed April 19, 1944.

The statute of limitations in this case is seven years. See the Act of April 4, 1798, 3 Sm. L. 331, sec. 4, 8 PS §101, which provides:

"It shall not be lawful for any person or persons whomsoever to commence and maintain any suit or suits on any bonds or recognizances, which shall here-

after be given and entered into by any person or persons, as sureties for any public officer, from and after the expiration of the term of seven years, to be computed from the time at which the cause of action shall have accrued, and if any such suit or suits shall be commenced, contrary to the intent and meaning of this act, the defendant or defendants respectively shall and may plead the general issue, and give this act and the special matter in evidence; and if the plaintiff or plaintiffs be nonsuit, or if a verdict or judgment pass against him or them respectively, the defendant or defendants shall respectively recover double costs."

The original cause of action, therefore, expired before the issuance of the alias summons unless the statute was tolled by the issuance of the original summons and the subsequent disposition thereof.

In Ledonne v. Commerce Insurance Co., 307 Pa. 1, the Supreme Court held that where a præcipe for summons in assumpsit was filed in the office of the prothonotary and the writ handed to plaintiff's attorney before the statutory period had expired the action was commenced (within the meaning of the clause of the insurance policy involved) although the summons was not delivered to the sheriff for service for more than a year from the time the cause of action accrued. Likewise in Gibson v. Pittsburgh Transportation Co., 311 Pa. 312, it was decided (syllabus) :

"An action in trespass has been brought within one year after death under the Act of April 26, 1855, P. L. 309, section 2, when the præcipe for summons has been filed in the office of the prothonotary, the writ paid for, and the case properly indexed and docketed, even though the writ has not left that office until after expiration of the statutory period."

An examination of the facts in the above cases discloses that the writ in each instance was delivered to the sheriff before the return day thereof. Therefore, the law is clear that if the plaintiff's attorney in this case

had delivered the writ to the sheriff on or before the return day the statute of limitations would have been tolled and under the authority of Mayo v. James Lees & Sons Co., 326 Pa. 341, the action would have been saved for an additional period of seven years commencing from the date of impetration of the original writ.

However, the summons in this case was not delivered to the sheriff until more than five years after it issued. In our opinion the cause of action is not kept alive by such careless conduct.

In Bovaird & Seyfang Manufacturing Co. v. Ferguson, 215 Pa. 235, it was held (syllabus) :

"Where a summons in assumpsit on promissory notes is issued within six years from the maturity of the note, and returned non est inventus, and an alias summons is issued within six years from the return of the original summons, and is also returned non est inventus, and a pluries summons is issued and returned served after the expiration of six years from the return day of the original process, but within six years from the return of the alias the action is not barred by the statute of limitations."

The court there said (p. 237) :

"When the original summons was issued the statute had not run against the plaintiff's claim. The institution of the suit tolled it, and the continuance of the suit continued the tolling. If the suit had been abandoned at any time after the expiration of six years from the time the cause of action arose, the statute would have become a bar. The institution of an independent second suit would have been an abandonment of this one, and if such suit had been instituted after six years had expired from the maturity of the notes, the statute would have barred a recovery in it; but no new suit was instituted and the present one was never abandoned. It was continued in the only way it could have been continued to keep on tolling the statute after the

sheriff had failed to find the defendant, and that was by issuing an alias summons. This alias was not the inception of a new suit, but a continuance of the original process, tolling the statute. 'Instead of being the inception of a fresh suit an alias or pluries is, at the common law, but a continuance of the process; and there is no reason why it should not be so here where the capias or summons is the originating writ. . . .' 'The action begins, not with the date of the præcipe, but with the issue of the summons or capias. Its commencement is not postponed to the time when service of the writ is effected. Nor is it necessary that the writ whose issuance is the beginning of the action should be served at all. *But it must be returned non est inventus or nihil habet, or otherwise; if not so returned it will be considered abandoned. . . .'* " (Italics supplied.)

Again in Ledonne v. Commerce Insurance Co., supra, at page 4, it is said:

"There is no question of abandonment, for within the prescribed return time, the writ was turned over to the sheriff for service and was served."

And in Mayo v. James Lees & Sons Co., supra, at page 342, it was stated:

"A plaintiff, to keep his cause of action alive, must act by causing a summons to issue within the statutory period, and thereafter be vigilant by taking prompt steps to obtain service; he cannot procure the writ and remain inactive indefinitely. Where a writ, which is obtained within the statutory period and delivered to the sheriff for service in due time is returned *nihil habet* or *non est inventus,* the law considers plaintiff as having been diligent and treats his conduct as tolling the statute."

It, therefore, appears to us from a reading of all these recited authorities that, in order for plaintiff to toll the running of the statute of limitations, he must act diligently and indicate by his conduct that the suit is not abandoned; where he sleeps upon his right and

retains the summons in his possession without making any attempt to serve it for more than a five-year period, he must be presumed to have abandoned the action. Any other interpretation would be unreasonable and lead to every evil which the statute of limitations was intended to correct. If the action is abandoned the issuance of an alias summons will not give it new life.

This same conclusion was arrived at in two lower court decisions under very similar circumstances. See Malaga v. Holmes, 26 D. & C. 647, and Guinto v. Philadelphia Fire & Marine Insurance Co., 21 D. & C. 573.

And now, to wit, December 18, 1944, it is ordered that the rule heretofore granted to show cause why judgment of non pros should not be entered be and the same is hereby made absolute and it is directed that said judgment be entered in the above issue.