## The Harrisburg National Bank v. The Ohio Casualty Insurance Co.

*Walter H. Compton*, for plaintiff.

*Dowling & Dowling*, for defendant.

*Hull, Leiby & Metzger*, for additional defendant.

HERMAN, J., May 31, 1962.—This case comes before us by virtue of preliminary objections filed to the sheriff's return of service of the writ to join the additional defendant and also to the writ itself.

The additional defendant complains that the writ was not served upon it within 30 days of the commencement of the action to join, and that, therefore, the writ should be stricken as should the sheriff's return.

The facts as established by the record are these:

On April 18, 1961, plaintiff, The Harrisburg National Bank, commenced, by the filing of a complaint in assumpsit, an action against defendant, The Ohio Casualty Insurance Company. On June 10, 1961, which was within 60 days after the filing and service of the complaint, The Ohio Casualty Insurance Company filed with the prothonotary a praecipe requesting that office to issue a writ to join the Insurance Company of North America as an additional defendant. However, the prothonotary failed to issue this writ until July 21, 1961, and after defendant had filed another praecipe to issue such writ. The writ was then served on the Insurance Company of North America on July 24, 1961.

Pennsylvania Rule of Civil Procedure 2253, effective when the facts here related had transpired, provided that no praecipe for a writ to join an additional defendant should be filed by the original defendant later than 60 days after the service on him of plaintiff's

initial pleadings, unless such filing be allowed by the court upon cause shown.

Additionally, Pa. R.C.P. 2254 (b) provides, in pertinent part:

"The writ . . . shall be served by the sheriff in the same manner as a writ of summons within thirty (30) days of *commencement of the action* to join, unless the time be extended by the court upon cause shown. . . ." *

The additional defendant argues that the action against it was commenced when defendant filed its praecipe on June 10, 1961, and that the writ, to be effective in acquiring jurisdiction over the additional defendant, had to be served within 30 days of that date. Defendant argues that, for the purpose of complying with this rule, the 30 days should only begin after the issuance of the writ by the prothonotary and not when the praecipe is filed. We agree with defendant.

Prior to the 1958 amendments to the Rules of Civil Procedure governing the joinder of additional defendants, Pa. R. C. P. 2254(b) provided for commencement of the action against the additional defendant by only the issuance of a writ and not by the filing of a complaint. At that time, the rule provided that the "[W]rit . . . [should] be served by the sheriff in the same manner as a writ of summons within thirty (30) days *after issuance of the writ.*"

The 1958 amendments gave defendant the option to initiate his joinder proceedings either by writ or by complaint and so the language of Pa. R.C.P. 2254 (b) was changed, for the sole purpose, we believe, of covering both types of procedure, i.e., the commencement of the action to join by writ, or by complaint—so that the rule now reads that the writ shall be served "within thirty (30) days of commencement of the action to join."

---

* Italics throughout ours.

This exact problem is considered by Goodrich-Amram § 2254 (b)-4, and there the learned authors, after pointing out that there are two possible dates when the 30 days shall begin to run when the action is commenced by writ, viz., the date of filing the praecipe and the date of the issuance of the writ by the prothonotary, state that:

"Normally, for purpose of the statute of limitations, an action is commenced when the praecipe is filed. Similarly, for the purpose of determining whether joinder has been commenced within the sixty-day period fixed by Rule 2253, the critical date is the date when the praecipe is filed . . ."

But they go on to say that a different rule should apply here. And, further:

"It is obvious that the sheriff cannot serve a writ that is not issued, and the plaintiff cannot be dilatory if no writ is available for service. For this reason, the Rule, before the 1958 amendment, read 'within thirty (30) days after issuance of the writ.' This made it clear that the date of the filing of the praecipe was not the critical date, and that a full thirty days was to be available after there was something capable of service.

"The 1958 amendment was not intended to alter the substance of the Rule. It was necessary because general language was needed to cover both commencement by writ and commencement by complaint. The phrase 'Commencement of the action to join' should therefore be interpreted, in the case of commencement by writ, to fix the date as that on which the writ issues."

We believe this reasoning is sound and should be the law.

The Pennsylvania Supreme Court had occasion to consider the question of when a law suit is "commenced" in Ledonne v. Commerce Insurance Co., 307 Pa. 1 (1932), where a fire insurance policy provided that no suit or action should be sustained on the policy

unless "commenced within twelve months next after the fire." At page 4, the court said, "an action is deemed to have commenced when, after praecipe is filed with the prothonotary, that official, taking the first legal step on behalf of the court he represents, issues the writ of summons or other process and delivers it to a proper person so that it passes from the former's control and is in the way of being served."

The additional defendant, in support of its position that the action to join was commenced when the praecipe was filed, relies on Gibson v. Pittsburgh Transportation Co., 311 Pa. 312 (1933), but that case is no authority for that position. The court there held only that the writ did not have to leave the prothonotary's office before it could be said that the suit was brought. This is quite consistent with the holding in the Ledonne case, supra.

But even were we to find that the 30 day period had expired, we should, upon proper application, extend the time for service because proper cause therefor has been and can be shown. Defendant did everything in its power to comply with the rules and was prevented only by neglect in the office of the prothonotary.

The Rules of Civil Procedure, and especially those relating to joinder of additional defendants, " 'should be interpreted liberally to accomplish their purpose, which is to further simplify and expedite the disposition of matters involving numerous parties with divergent interests' ": Coppage v. Smith, 381 Pa. 400, 404 (1955).

Mr. Chief Justice Stern, in McKay v. Beatty, 348 Pa. 286, 287 (1944), said:

"Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives. It is for this reason that Pa. R.C.P. no. 126 (332 Pa. lxvii) provides: 'The rules

shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.' "

For all of these reasons and for the additional reason that a multiplicity of suits will be avoided, we believe that the Insurance Company of North America is, and should be, an additional defendant in these proceedings, and we therefore enter the following

*Order*

And now, May 31, 1962, the preliminary objections of the additional defendant are severally overruled.